DAVID HARRILL, plaintiff in error, vs. H. B. HUMPHRIES, defendant in error.

In attachment, the affidavit is sufficient, if it follow the form prescribed by the attachment Act of 1856, even although, the debt be not due.

Attachment, in Thomas Superior Court. Decision by Judge ALLEN, June Term, 1858.

This was an attachment sued out by Harrill, against Humphries on a note not due at the time the attachment issued, and which defendant moved to dismiss on the ground, that the affidavit made by plaintiff did not set out or state the fact that the debt was not due. The Court sustained the motion.

Counsel for plaintiff then moved to reinstate the case and to amend by inserting in the affidavit the fact that the note on which the attachment issued was not due. The Court refused the motion, on the ground, that it came too late, and that the affidavit was not amendable.

Whereupon plaintiff excepted and assigns said rulings and decisions as error.

R. S. BURCH, for plaintiff in error.

McINTYRE & YOUNG, represented by ALEXANDER, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

The affidavit followed the form prescribed by the late attachment Act; and the Act does not require more. *Acts of* 1855, 1856, *p.* 35.

It was said, that, as the debt was not due, the defendant was entitled to a stay of execution until it should become due, and therefore, that the affidavit should have disclosed the fact, that the debt was not due.

But the plaintiff's pleadings would disclose this fact; and if they would not, the defendant might bring it out in his pleadings ; and, so the fact become known, the manner of its becoming known, would be immaterial; the same effect would follow, in whatever way it became known; the defendant would get his stay of execution.

We think, then, that the affidavit was sufficient. The Court below held it insufficient, and dismissed the attachment. We think, therefore, that, in this, the Court erred.

Of course it is needless to notice the other question.

Judgment reversed.