Graves *vs.* Strozier.

---

JAMES P. GRAVES, plaintiff in error, *vs.* PETER J. STROZIER, defendant in error.

NOTE.—Judge Harris did not preside in this case.

1. Where declaration had been *filed* in the Clerk's office claiming damages for seduction of plaintiff's daughter, but had not been served on defendant, the *filing* of the declaration was such a commencement of the suit under the Code, as to authorize an attachment to issue *pendente lite.*

2. An attachment may be issued upon the affidavit of the plaintiff, that he has instituted suit against the defendant, in which he claims a certain specific amount of damages in an action *ex delicto*, the same being a *money demand* within the provisions of the statute.

Motion to dismiss Attachment. Decided by Judge VASON. Lee Superior Court. September Adjourned Term, 1867.

On the 20th August, 1867, Strozier brought an action in Lee Superior Court, against Graves, for the seduction of plaintiff's daughter, laying his damages at $25,000, and praying for bail process. On the day after the filing of this writ, the sheriff returned that Graves was not to be found in said county. And on the day after this return, to-wit: on the 22d August, 1867, Strozier sued out an attachment against Graves for said cause.

The attachment affidavit was as follows:

"GEORGIA, DOUGHERTY COUNTY: Before me, came Peter J. Strozier, who being duly sworn, says that he has commenced his action of seduction, returnable to the September Term next of the Superior Court of Lee county, Georgia' against James P. Graves, for damages for the seduction of defendant's minor daughter, Priscilla C. Strozier, claiming, in said action, the sum of twenty-five thousand dollars damages, and deponent further swears that he claims the said sum of twenty-five thousand dollars for damages from said James P. Graves, by reason of said seduction by the said Graves of his said daughter, and that the said James P. Graves absconds and conceals himself.                    PETER J. STROZIER.

*Sworn to and subscribed before me, 22d August,* 1867.

THOS. C. SPICER, Judge D. C. C."

Graves *vs.* Strozier.

Having given bond as required by law, Willliam Newman, Judge of the County-Court of Lee county, approved and endorsed the same, and issued an attachment on the 22d August, 1867, etc.   This attachment was levied on various articles of Graves' property.

At September term, 1867, a motion was made to dismiss the attachment on these grounds:

1st. There having been no service of said writ and a return of *non est inventus* having been made before the attachment was prayed for and issued, there was no action pending in said Court as a predicate for the attachment.

2d. There is no authority in law for attachments in such cases as this.

3d. This is not such a money demand as set out in the affidavit, as authorized attachment.

4th. The affidavit is not sufficiently certain and explicit as to the indebtedness or debt due by defendant to plaintiff, to authorize attachment.

The Court refused to dismiss the attachment, and defendant excepted.

R. F. LYON, for plaintiff in error, cited §§3188, 3189, 3199, 3201, 3205 and 3325 of the Code; 7th Ga. Rep., 360; 23d Ga. Rep., 14.

W. A. HAWKINS, for defendant in error.

WARNER, C. J.

1. The error assigned to the judgment of the Court below in this case, is the overruling the motion to dismiss the attachment upon the several grounds specified therein.   First, that there was no equity or action pending in the Court, upon which to predicate the attachment.   By the 3212th section of the Revised Code, it is declared, that in all cases where a plaintiff has *commenced suit* for the recovery of a debt, and the defendant, during the pendency of such suit, shall become subject to attachment according to the provisions of the Code, such plaintiff shall be entitled to an attachment in the same

4

manner as if no suit is pending. Had there been a *suit commenced* in the Court below in legal contemplation at the time the attachment was sued out? Suits at common law in this State are instituted by *petition* to the Court, signed by the plantiff or his counsel, plainly, fully and distinctly setting forth his charge or demand. Upon such petition the Clerk shall endorse the *date of its filing in office*, which shall be considered *the time of the commencement of the suit;* Revised Code, sections 3256, 3257. The attachment was taken out the day after the petition had been *filed* in the clerk's office, which was the commencement of the suit; in other words, the plaintiff had commenced suit for the recovery of his demand against the defendant at the time the attachment was sued out, within the meaning and provisions of the 3212 section of the Code before cited.

2. The second, third and fourth grounds will be considered together. By the 3210 section of the Revised Code, in all cases of *money demands*, whether arising *ex contractee* or *ex delicto*, the plaintiff is entitled to sue out an attachment, when the defendant places himself in such a situation as to authorize him to do so, and this provision of the Code was *not* intended to apply to executors and administrators *alone*. The plaintiff in attachment claims money from the defendant, as damages for the injury sustained; it is a *money demand*. Morton vs. Pearman, 28th Ga. Rep., 323. The affidavit states *the amount of damages claimed* from the defendant, and is a substantial compliance with the statute. Harrill vs. Humphries, 26 Ga. Rep., 514. In our judgment, a suit had been commenced in contemplation of law, at the time the attachment was taken out by the plaintiff, the attachment was authorized to be issued under the law in this case, it being for a money demand, and the affidavit of the plaintiff was sufficient to authorize the attachment to be issued.

Let the judgment of the Court below be affirmed.