### NICHOLES *v.* SWIFT *et al.*

1. Where A and B entered into a parol contract by the terms of which B was to rent a certain storeroom from A for the term of two years, at a stipulated price per year, and B went into possession of the same under such contract, a tenancy at will was created, which either party could terminate by complying with the Civil Code, § 3117. Accordingly, where B, more than a month before the expiration of the first rental year, gave a written notice of his intention to terminate the tenancy at the end of that year, and, before the beginning of the second year, moved out of the rented premises, tendered the possession thereof to the landlord, and paid one year's rent, his liability under the contract was completely extinguished.

2. Although a tenant may abandon the rented premises before the expiration of the term and may notify the landlord that he will no longer abide by the rent contract, the landlord has no right of action for the rent stipulated in the contract until the same falls due thereunder.

Argued October 31, — Decided November 14, 1903.

Attachment.    Before Judge Proffitt.    City court of Elberton. August 12, 1903.

*I. C. VanDuzer*, for plaintiff in error.    *J. N. Worley*, contra.

FISH, P. J.    This was a suit, begun by attachment, by Thomas M. Swift and Mrs. N. J. Penn against H. W. Nicholes, to recover $350, alleged by the plaintiffs to be due them for the rent of a certain brick storeroom in the city of Elberton, for one year, beginning July 1, 1903, and ending July 1, 1904. The declaration in attachment alleged that in the year 1902 the plaintiffs rented the storeroom to the defendant, at $350 per year, for the term of two years, beginning on July 1, 1902; that the defendant took possession of the rented premises on that date, and occupied them during the first twelve months of said term; that on the 20th of May, 1903, he notified the plaintiffs that he would not occupy the storeroom longer than the first twelve months of the term of rental, and offered to turn over to them the keys, and moved out of

the house; that they in good faith executed their part of the contract and held the storeroom ready for the occupancy by the defendant for and during the remainder of said term of rental, and by so doing the same was left on their hands "unrented at a date too late to be rented for said remainder of said term;" and that defendant refused to pay them the sum of $350 due them for the rent of the property. The defendant denied that he owed the plaintiffs any amount for rent, or otherwise; denied that he ever made any contract of rent with them covering the period from July 1, 1903, to July 1, 1904; and alleged that if any such contract as the one set up by the plaintiffs was made, the same was not to be performed within a year, was not in writing, and could not be enforced. He further pleaded, that, if he made the contract alleged by the plaintiffs, the rent sued for would not be due until July 1, 1904, and they could not obtain a general judgment upon the declaration filed in the attachment proceeding until after said date. By an amendment to his plea he alleged that the facts set up by the plaintiffs did not, under the law, make a case upon which a recovery could be had, and prayed the court to dismiss the attachment and the declaration filed thereon. Although this amendment was in the nature of a motion to dismiss the plaintiffs' case upon the ground that no cause of action was set forth therein, no ruling by the court appears to have been made thereon. Upon the trial, Swift testified that the storeroom belonged to him and Mrs. Penn, and he was managing it; that he told Nicholes that he would rent it to him for the term of two years, beginning the first of July, 1902, and ending the first of July, 1904, and would charge him as rent the sum of $350 for each year, payable at the end of each quarter; that the contract was never reduced to writing; that Nicholes took charge of the storeroom on July 1, 1902, and occupied it until the latter part of May or the first of June, 1903, when he moved out and had not since occupied it; that about the 20th of May, 1903, Nicholes gave him both written and verbal notice that he would not hold the storeroom beyond July 1, 1903, but would then quit and pay no more rent; that on the 29th of June, 1903, Nicholes, through Mr. VanDuzer, tendered to him the keys and the possession of the storeroom, and he refused to take the keys or to take charge of the storeroom; and that Nicholes had paid the rent for the year ending July 1, 1903.

E. A. Cason testified that some time last fall he heard Nicholes say that he had rented the storeroom from Swift for two years, at $350 a year.    The plaintiffs then closed their case, and the defendant's attorney moved the court to direct a verdict for the defendant, upon three designated grounds.    The court overruled this motion and directed a verdict in favor of the plaintiffs for $350; whereupon the defendant excepted.

1.    One of the grounds upon which the defendant asked for the direction of a verdict in his favor was as follows: "That the pleadings in the case and the evidence for the plaintiffs show that the contract which was the basis of the action was for rent, in parol, and for more than one year; that it created the relation of landlord and tenant; that the tenancy was one at will by operation of law; that the pleadings and the undisputed evidence showed that the defendant had given the plaintiffs lawful notice of his intention to quit, had paid the rent for one year, and tendered the plaintiffs the key and the possession of the property rented; and that under the law and the facts there could be no lawful judgment for the plaintiffs in the case."    Upon this ground alone a verdict for the defendant was demanded by the evidence.    Under the evidence, when the defendant, under this parol contract, took possession of the rented premises, the relation of landlord and tenant was established between the plaintiffs and him.    Civil Code, § 3115.    A parol contract creating the relation of landlord and tenant, if made for a greater period of time than one year, has the effect of a tenancy at will.    Ib. § 3117; *Western Union Telegraph Co.* v. *Fain & Parrott,* 52 *Ga.* 18.    Such a tenancy may be terminated by either party, by giving the other party the requisite notice for such purpose, two months' notice from the landlord being necessary and one month's from the tenant being required. § 3133.    In the present case, the tenant on the 20th of May gave notice of his intention to terminate the tenancy on the 1st of July thereafter, and so complied with the law requiring one month's notice to the landlord of such intention, and, before the date named, moved out of the rented premises and tendered the keys and the possession thereof to the landlords.    This terminated the tenancy at the end of the first year, and the tenant was not liable for rent thereafter.    The contention of the defendants in error is, that there was such part performance of this contract on the part of

the landlords as to make it binding upon the tenant for the full term stipulated in the parol contract. This contention is unsound. If mere possession and occupation of the rented premises by the tenant, with the landlord's consent, would be sufficient to make such a contract binding on the tenant, for the term specified therein, the provision in section 3117, that parol contracts creating the relation of landlord and tenant, if made for a greater time than one year, shall have the effect of a tenancy at will, would be meaningless. Under that section such a contract creates a tenancy at will, and a tenancy at will would not begin until the tenant had entered into possession of the premises. 2 Bl. Com. (Cooley's ed.) * 146; 18 Am. & Eng. Enc. L. 182; Hardy v. Winter, 38 Mo. 106. In every parol contract creating a tenancy at will there is obliged to be such part performance by the landlord as there was in this case, viz., letting the tenant into the possession and occupation of the premises. If such part performance could have the effect of taking the contract out of the statute of frauds and making it binding upon the tenant during the term covered by the parol contract, section 3117 would be a nullity in so far as it applies to contracts for more than one year.

Counsel for the defendants in error cites the case of *Petty* v. *Kennon*, 49 *Ga.* 468. There is nothing in that case which conflicts with the ruling which we make in this. There "the terms of the parol contract were, that the tenant should pay a certain portion of the crops for rent, 'that he should repair the fences around the cleared land, and the landlord was to pay him for it, that he was to stay on the place one, two, three, four, or five years, if both parties were willing, and at all events until he should get pay for the work done on it.'" The tenant did repair the fences, paid the rent, except the cotton, which he retained, the landlord still owing him more than forty dollars, after deducting the rent cotton, for work done in repairs. It was held, that after the tenant had, under the contract, "expended money and labor beyond the rent for the first year," the landlord could not treat him as a tenant at will and summarily oust him, "without even a tender of what the landlord's own witnesses [proved] was due the tenant." It will be seen that the part performance of the tenant consisted, not in his having simply paid the rent agreed upon for the time during which he had occupied the premises, but in his having, by the

money and labor which he, under the contract, expended in repairs upon the place, in effect, paid for a longer use and occupation thereof, of. which the landlord could not deprive him, without compensating him for the amount thus paid over the rent due for the time that the tenant had occupied the property.

2. Another ground upon which the defendant moved for the direction of a verdict in his favor was, " that the rent claimed to be due, if due at all, was not due at the time of the trial, and that no lawful judgment could be rendered against the defendant until the rent claimed fell due." This ground alone was sufficient to require a verdict in favor of the defendant. The declaration in attachment showed that the suit was upon the alleged contract, and not for damages resulting from a breach of the same. Therefore any recovery in favor of the plaintiff would have to be based upon the contract, and, under the contract, no portion of the rent claimed was due at the time the suit was brought, and, we may add, no portion of it was even due at the time the case was tried. The attachment was sued out on the 21st of May of 1903, before the expiration of the first rental year, and the declaration thereon was filed on August 12, 1903, on which day the case was tried. The testimony showed that the rent of $350 per year was payable quarterly and that all the rent for the year ending July 1, 1903, had been paid. So no rent whatever was due when the attachment was sued out, when the declaration was filed, or when the case was tried; while the verdict was for a full year's rent, which would not have been due until July 1, 1904. Even if the suit could be considered to be for a breach of the contract, as the plaintiffs' notice of intention to file the declaration indicated, the evidence failed to show what damages the plaintiffs had sustained in consequence thereof. The case was tried, as we have said, on the 12th of August of the present year, and it was obliged to be a mere matter of conjecture whether or not the plaintiffs would be unable to derive any income or profit from the storeroom from that date until July 1, 1904.

*Judgment reversed.    All the Justices concur.*