### 1951.    ROBERSON *et al. v.* ALLEN.

A rented land from B for one year.  Part of the land was a pasture for A's stock.    A was put in possession of the land and pasture.    Relying in good faith on the contract, A plowed and fenced the land, sowed grain, repaired the house and barn, and made all preparations to perform his part of the contract.    After A had been in possession for five months, cultivating the land and using the pasture, B rented the pasture to another person, and notified A that he could no longer use the pasture, and that if A put his stock in it, he would kill them.    B also threatened personal violence against A if he attempted to use the pasture.    *Held,* that B's conduct in thus taking away from A a part of the rented premises and interfering with his use and enjoyment of a part of the same amounted to an eviction in law.    *Held* further, that A was entitled to treat B's breach of his contract as discharging him from any further performance on his part, and to sue B on a quantum meruit, and recover the value of his labor in plowing, fencing, cultivating, and improving B's premises.

Appeal; from Fannin superior court—Judge Morris.    May 25, 1909.

Submitted July 19,—Decided December 10, 1909.

The plaintiffs in error brought suit in a justice's court, to recover damages for breach of contract. A judgment was rendered in their behalf. The defendant appealed to the superior court, and the demurrer which he had filed to the suit in the justice's court, and which the justice overruled, was insisted upon in the superior court, and was sustained, and the suit dismissed. The error assigned is the dismissal of the suit on demurrer. The petition makes the following case: In the year 1907 the plaintiffs rented from the defendant for one year certain lands near the city of Blue Ridge, under the following verbal contract: Plaintiffs were to plant and cultivate a crop of corn and wheat during the season of 1908, and were to furnish everything necessary for the purpose of cultivating and maturing said crop, and defendant was to have as rental one third of the crop. In addition to the land cultivated, and included in the rental contract, there was a pasture which the plaintiffs were to use for their stock. Plaintiffs went into possession of the land, including the pasture, and commenced to perform and carry out their part of the contract, and continued to do so until the spring of 1908, when defendant rented the pasture to another person and notified the plaintiffs not to put their stock in the pasture any more, and that if they did so, he would kill their stock. Plaintiffs remonstrated with the defendant and insisted that he comply with the terms of his contract with them, and defendant positively refused to treat plaintiffs with any degree of courtesy, but, on the contrary, said that he would not permit them to use said pasture any more, and talked to plaintiffs in a very insulting and unpleasant manner, and threatened violence against them on several occasions. Plaintiffs showed that it was impossible for them to comply with the terms of their contract with the defendant when he had committed a breach of the same by refusing to let them use said pasture, as they did not have any other place to keep their stock. While the plaintiffs were performing their work and insisting on their rights under the contract, the conduct of the defendant became dictatorial and intolerant, and he made severe threats of violence against them; and finally, in the month of March, 1908, before the crops had been cultivated, they were forced to leave the premises on account of his breach of his contract with reference to the pasture, and his many other acts of misconduct, in-

sults, and threats of violence against them. The plaintiffs thereupon brought this suit, to recover on a quantum meruit for work done by them during the months of October and December, 1907, and the months of January, February, and March of 1908, and for the value of fences which they had built on said land and for the work done in sowing wheat, plowing the land, and repairing the house and farm, an itemized statement being attached to the petition.

*William Butt, J. P. Brooke,* for plaintiffs.

*A. S. J. Hall,* for defendant.

HILL, C. J. (After stating the case.) We think the contract set out in the petition, as interpreted by the allegations thereof, should be treated as an entire contract. The plaintiffs could not carry out their part of the contract and cultivate the land, without having a pasture in which to keep their stock. This pasture was rented to them by the defendant and they went into possession of it. The defendant's subsequent conduct in depriving them of the use of the pasture constituted a breach of his contract and amounted to an eviction of the plaintiffs. They were thereupon entitled to recover from him such proximate damages as were caused by his breach of the contract. Plaintiffs had their election, and could have sued for the value of their lease, as the measure of their damages, or they could treat the breach on the part of the defendant as a discharge from any further performance of the terms of the contract on their part, and sue for the value of any work or services performed by them in part execution of the contract. *Hardin* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100). If the plaintiffs, in good faith and relying on the contract, had made preparations to cultivate the land and make the crop, and had expended labor in improving the property of the defendant, in erecting fences thereon and repairing the house and barn, and had plowed the land, rendering it suitable for cultivation, and this work and these services had been rendered useless to them by the unwarranted conduct of the defendant in breaking his contract and in evicting them from the premises, they would have the right to recover the worth of the labor they had bestowed upon the premises in preparing to carry out their agreement under the rental contract. These would be special damages flowing directly from the breach of the contract by the defendant. 3 Sutherland on Damages, §865. In the case of *Cilly* v. *Hawkins,* 48 Ill. 311,

which was a suit by tenants against the landlord for the breach of his contract, the Supreme Court of Illinois said: "The court prop-: erly admitted evidence of the value of the labor performed by plaintiffs in error, in breaking ground, as from it they derived no benefit, but sustained a loss. They also had a right to show that they had sustained other losses by incurring expense to carry out their part of the agreement under the lease." In the case of Robrecht *v.* Marling, 29 W. Va. 766 (2 S. E. 827), it is held that, "in an action for damages for the failure of the landlord to give possession of the property which has been leased, or from which he has ejected. the tenant, where the gist of the action is the deprivation of the benefit of the lease, whether the action be covenant or tort, the general rule is that the plaintiff is entitled, as the measure of his damages, to the difference between the rent reserved and the value of the premises for the term. He may also recover such special damages as have been directly and necessarily occasioned by the defendant's wrongful act or default." And in that case it was held that the tenant might recover as a part of his special damages the value of the stock and farming materials, etc., which he may have purchased for the purpose of cultivating the land, and for the labor performed by him in breaking ground in preparing the land for cultivation. In the case of Adair *v.* Bogle, 20 Iowa, 238, Dillon, J., said: "The law is settled that if the lessor refuses to permit the lessee to occupy the premises in accordance with the agreement, he thereby renders himself liable to an action for damages; and in such action the tenant is not confined to his general damages." On this subject the learned judge said further, that "if other damages have resulted as the direct and necessary or natural consequence of the defendant's breach of the contract, these are recoverable, certainly where, as in this case, they are specifically set forth. For example, if the plaintiff, in good faith and relying on the contract, made preparations to move on to the defendant's farm, and these preparations were rendered useless in consequence of the defendant's refusal to comply with his contract, the authorities hold that there may be a recovery for the loss sustained." The principle of these decisions is applicable to the facts of this case. Here the tenant was not prevented from taking possession of the farm, including the pasture, but he was placed in possession by the landlord. Subsequently, however, and after the tenant had in good faith, and rely-

ing on the landlord's contract, expended labor in preparing the land for cultivation, he was deprived, by the landlord's unlawful conduct in breaking his contract, of the benefit of his labor. In addition to this, the farm of the landlord had been improved by the tenant in erecting fences, and in plowing and breaking up the soil preparatory for making the crop, and repairing the house and barn. We think these items of damages are recoverable. The suit is not one sounding in tort, but is one which results from the tortious breach of the contract by the defendant. The court, therefore, erred in sustaining the demurrer and in dismissing plaintiffs' petition.                                    *Judgment reversed.*