ABBOTT *v.* PADROSA.

ATKINSON, J.   1.   A judge of the superior court may, in his discretion, excuse twenty-four jurors, regularly empaneled and in attendance upon the court, until a future day during the term, when they shall appear to try a given cause then set for trial. Such jurors would not be "without power or authority to serve as such" at the time designated for the trial of the case.

2. Upon the trial of a dispossessory-warrant proceeding to evict a tenant holding over, it appeared from the uncontradicted evidence that the contract of rental was in parol. The plaintiff testified that the term was for one year. The defendant testified that it was for the balance of the current year, "with the privilege of another, and as long as I paid my rent." It also appeared that the plaintiff gave the two months' notice required by the Civil Code (1910), § 3709, to the defendant to quit as a tenant at will. *Held,* that under the plaintiff's evidence the term of the defendant was ended, as the contract of rental was only for a year, which had expired; also that according to the provisions of the Civil Code (1910), § 3693, the evidence of the defendant had the effect of constituting him a tenant at will. Accordingly, under either view of the disputed evidence, considered in connection with that which was uncontradicted, a verdict was demanded in favor of the plaintiff, and the court did not err in directing the jury to return such a verdict. In this connection see *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794); *Nicholas* v. *Swift,* 118 *Ga.* 922 (45 S. E. 708).

3. The verdict being demanded under the defendant's testimony, it is unnecessary to pass upon rulings of the court upon which error was assigned in refusing to continue the case, on his motion, on account of an absent witness who, if he had been present, would merely have corroborated defendant's testimony, and in excluding the testimony of a witness which, if it had been admitted, would have had the same tendency.          *Judgment affirmed. All the Justices concur.*
MAY 11, 1911.

Eviction: Before Judge Conyers. Glynn superior court. March 31, 1910.

*Crovatt & Whitfield* and *Ernest Dart,* for plaintiff in error.
*Bennet, Twitty & Reese,* contra.