2895.   HINES *v.* CURETON-COLE CO.
2896.   YOUNG *v.* CURETON-COLE CO.

1. A writing in which one party agrees to sell to the other products at a
time in the future is to be treated as a mere offer, unless it appears to
have been accepted by the other party. If the subject of the sale is more
than $50 in value, acceptance by the person to whom the offer is made
must be evidenced in writing, or by some act sufficient to take the case
out of the statute of frauds. If the writing recites that a part of the pur-
chase-price has been paid, this, prima facie, takes the case out of the
statute of frauds; but it may be shown by parol that this recital as
to payment is not true. *Luke* v. *Livingston,* 9 *Ga. App.* 116 (70 S. F.
21).

2. "Parol evidence is admissible to show that a written contract, which on
its face and by its terms purports to relate to a lawful transaction, was
in fact entered into as a wagering contract, and that the lawful form.
was adopted as a guise to evade the law." *Roberts* v. *Arnall,* 9 *Ga. App.*
328 (71 S. E. 590).

3. "If one party to a continuing contract, consisting of mutual obliga-
tions, renounces and repudiates it prior to the date fixed for perform-
ance, the other party is at liberty either to immediately treat such re-
nunciation as a breach of the contract and sue for damages sustained
therefrom, or to treat the contract as still binding, and wait until the
time arrives for its performance, in order to give the party who has
repudiated the contract an opportunity to comply with its terms. If he
adopts the latter course, and at the time fixed for performance demands
compliance on the part of the other party, his right of action for a
breach depends on whether or not such compliance is then made."
*Ford* v. *Lawson,* 133 *Ga.* 237. However, if a contract of sale rests in
parol only, the parties may orally make it a part of the agreement that
the seller shall have the right to make what is in effect an anticipatory
breach, and to require the buyer to protect himself, as of the date
thereof, from losses by reason of a subsequent rise in the market.

DECIDED SEPTEMBER 30, 1911.

Action on contract; from city court of Newnan—Judge Post.
July 29, 1910.

*Hall & Jones,* for plaintiffs in error. *W. C. Wright,* contra.

RUSSELL, J. The syllabus and the cases therein cited state and
settle the points involved in both the cases here before us. In the
Hines case the propositions stated in the first two paragraphs of
the syllabus are controlling, and show that the court erred in
striking the pleas which set up the defenses indicated in these
propositions. The proposition stated in the third paragraph of the
syllabus controls also another defense presented in the Hines case;
the court correctly struck the defense of anticipatory breach with-

cut damage, so far as relates to the written contract sued on, and erred in striking it so far as it relates to the other (the oral) contract.   In the Young case the facts pleaded are not sufficient to make the defenses outlined in paragraphs one and two of the syllabus available; and it follows, from the first proposition stated in the third paragraph of the syllabus, that the defense offered as to the anticipatory breach was not valid.

*Judgment reversed in the Hines case.   Judgment affirmed in the Young case.*