NETTIE JEFFERSON *vs.* GEORGE W. BROWN.

DECEMBER 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This action was brought to recover damages for breach of covenant to permit the plaintiff to occupy premises leased by the plaintiff from the defendant. By an

indenture under seal the defendant leased to the plaintiff a certain suite of rooms for the term of the natural life of the plaintiff. The consideration for the demise was a certain sum of money, paid by the plaintiff to the defendant, and covenants by the plaintiff including a covenant to pay the defendant one half of the cost to the defendant for water consumed by the plaintiff and the other tenants of the house in which said suite of rooms was located. Upon the execution of said lease the plaintiff took possession of and occupied the demised premises until the fall of 1921 when she decided to spend the following winter in the South. Before leaving she intrusted the key of said premises to the defendant. During the plaintiff's absence the defendant broke and entered the plaintiff's coal cellar, connected with said suite, and carried away and consumed about two tons of coal belonging to the plaintiff. During said time he stored in said suite a considerable quantity of furniture, store fixtures and other articles. When the plaintiff, on June 29, 1922, came back to her home the defendant returned the key to the plaintiff and on the following day delivered to her the following notice:

"Miss Nettie Jefferson
            Providence, R. I.

Dear Madam:

You are hereby notified that on and after this date, June 30, 1922, I am in possession of the whole and entire premises at said 35 Council Street, Providence, R. I., and that I consider the lease formerly or now existing between us and covering said premises, at an end, because of your failure to keep the terms thereof of said lease, and I further notify you that I am now in possession of the said entire premises under my right, and the terms provided for therein.

                    Respectfully yours,
                            Geo W Brown"

The plaintiff testified that on the same day when she commenced to remove the defendant's goods which he had stored in the suite the defendant stated to her that she "no need to do that because you have got to get out . . . Because you haven't paid your water bill." She further testified that defendant swore at her and told her he would put her goods and furniture out in the street if she did not get out. Within about three weeks, which was as soon as the plaintiff could secure another tenement, she removed her furniture and personal effects from the suite.

At the conclusion of the testimony for the plaintiff the trial justice ruled that the acts of the defendant as above set forth did not constitute an eviction and granted the defendant's motion for a nonsuit. The case is before us on the plaintiff's exception to the granting of said motion.

The ruling was erroneous. The justice should have ruled that the acts of the defendant amounted to a constructive eviction. The rule is stated in 24 Cyc. 1059, as follows: "the rule was that an actual eviction or physical dispossession or some actual disturbance in the possession of the lessee was necessary to constitute a breach of covenant for quiet enjoyment. Now, according to the great weight of authority, a constructive eviction is sufficient to constitute a breach of covenant, and the lessee may after a demand, or other hostile assertion of a paramount title, yield thereto, although a constructive eviction cannot be deemed to exist without a surrender of the premises."

It is apparent that the plaintiff was afraid that the defendant would do her bodily injury if she continued to occupy the suite. After moving his goods, without her consent, into the plaintiff's suite, giving her the above notice and threatening to put her goods out in the street it is with ill grace that the defendant now argues that the plaintiff vacated voluntarily. Jones on Landlord and Tenant, at page 391, contains the following statement: "actual force is not essential to a wrongful eviction of a tenant by a landlord. Such eviction may be effected by the serving of a

notice to quit at a specified time, the moving of property into the buildings without tenant's consent and the abandonment of the premises in consequence thereof." See also *Purcell* v. *Leon*, 144 N. Y. S. 348; *Onward Const. Co.* v. *Harris*, 144 N. Y. S. 318; *Roberson* v. *Allen*, 7 Ga. App. 142; *Amsden* v. *Atwood*, 69 Vt. 527, 38 Atl. 263; *Tarpy* v. *Blume*, 101 Iowa, 469; *Smith* v. *Bellrose*, 200 Ill. App. 368.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for a new trial.

*Alfred H. Lake*, for plaintiff.

*Joseph G. LeCount*, for defendant.