36233.  STEVENSON *et al. v.* ALLEN.

Decided June 12, 1956—Rehearing denied July 2, 1956.

*Edward Parrish, H. W. Lott,* for plaintiff in error.

*McDonald & McDonald,* contra.

CARLISLE, J. By the following statement in their brief on file in this court, counsel for the defendants have narrowed the questions posed by their assignment of error upon the overruling of their demurrers to one: "The sole question for decision by this court is whether . . . [the plaintiff] had a legal right to sue out an attachment against . . . [the defendants], there being no rent due and the lease under which . . . [the defendants] occupied the premises being for more than five years duration."

By the terms of the lease itself, only a usufruct was granted the original lessee: "This contract shall create the relationship of landlord and tenant between lessor and lessee, and no estate shall pass out of the lessor; the said lease is not subject to levy and sale and not assignable by lessee except by lessor's consent," and it matters not that the term of the lease was for a period of more than five years. The express intention of the parties to the original lease was controlling upon this subject. *Warehouses, Inc.* v. *Wetherbee,* 203 *Ga.* 483 (46 S. E. 2d 894), and citations.

The plaintiff gave her consent in writing to the assignment of the lease to the defendants conditioned upon their acceptance of the inventory of the lease. The defendants assigned the following acceptance on May 30, 1955: "We, Mr. and Mrs. E. R. Stevenson, do hereby accept the inventory of the equipment and furnishings of The Nashville Hotel as set forth in the original lease and inventory . . ." and paid the monthly rent for June, July and August, 1955. The defendants were, consequently, bound under the terms of the lease to pay the stipulated monthly rent for the remainder of the term of the lease and they could not relinquish their rights, or effect their discharge from liability, by a reassignment of the lease without the consent of the plaintiff. On August 25, 1955, according to the allegations of the declaration in attach-

ment, the defendants notified the plaintiff that they were relinquishing their rights under the lease and would pay no further amounts under it. When the defendants notified the plaintiff that they did not intend to comply with the terms of the lease, she was at liberty to treat such notice as an anticipatory breach of the entire contract and sue for her entire damage, or to treat the contract as still binding and wait until the time for performance in order to give the defendants an opportunity to comply with the terms of the lease. *Crosby* v. *Georgia Realty Co.*, 138 *Ga.* 746 (76 S. E. 38) ; *Hines* v. *Cureton-Cole Co.*, 9 *Ga. App.* 778 (72 S. E. 191) ; *Phosphate Mining Co.* v. *Atlanta Oil &c. Co.*, 20 *Ga. App.* 660 (93 S. E. 532) ; *Seabrook Coal Co.* v. *Moore*, 25 *Ga. App.* 613 (103 S. E. 839) ; *Mendel* v. *Converse & Co.*, 30 *Ga. App.* 549 (118 S. E. 586) ; *Parker* v. *King*, 68 *Ga. App.* 672 (23 S. E. 2d 575).

From the allegations of her declaration in attachment as amended, it would appear that the plaintiff has elected to pursue the latter course. She does not seek to recover her entire damage, but rather to recover the monthly payments due up to the time of the trial term. Although none of these monthly payments were due on August 30, 1955, when the attachment was sued out, it is alleged that the defendants "were actually removing, or about to remove, without the limits of the county," and the plaintiff was entitled to the attachment under the terms of Code § 8-103, which provides: "When the debt is not due, the debtor shall be subject to attachment in the same manner and to the same extent as in cases where the debt is due, except that where the debt does not become due before final judgment, execution upon the judgment shall be stayed until the debt is due." *Harrill* v. *Humphries*, 26 *Ga.* 514; *Askew* v. *Melvin*, 144 *Ga.* 348, 349 (4) (87 S. E. 278) ; *Graves* v. *Strozier*, 37 *Ga.* 32. The trial court, consequently, did not err in overruling the demurrer based on the ground that since the debt was not due attachment would not lie.

There is nothing to be found in *Nicholes* v. *Swift*, 118 *Ga.* 922 (45 S. E. 708), contrary to the decision reached in the present case.

In the *Nicholes* case, the lessor and lessee entered into a *parol* agreement for the lease of the premises for a period of two years.

By the terms of Code § 61-101 such an agreement in parol created, for the period of time extending beyond one year, a tenancy at will, terminable upon the requisite notice for which provision is made in Code § 61-105. The lessee gave the requisite notice of his intention to surrender his premises at the end of the first year, and duly surrendered the premises. These actions by the lessee terminated the relationship between the parties entirely, and terminated the lessee's liability for rent for the second year; and, in that case, the lessor was seeking to recover only the rent for the second year. There was no question in that case of the rent's ever becoming due at a later date, and the court's remarks, in Division 2 of the opinion in that case, upon the question of whether attachment would lie where the debt claimed had not become due were entirely unnecessary to the decision in the case and were obiter dicta.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*