## 45656. REYNOLDS v. TUFTS.

HALL, Presiding Judge. Lessor appeals on the general grounds from the judgment awarding plaintiff-leasing agent commissions on rent paid under a new lease contract between lessor and lessee, to which the agent was not a party.

The original lease contained this provision: "Lessor shall pay agents, as compensation for services rendered in procuring this lease, 5% of all rentals thereafter paid by lessee to lessor as rent for premises or any part thereof, *whether paid under this lease or not.*" (Emphasis supplied.) At its expiration, lessee did not exercise his renewal option but instead negotiated a new

lease directly with lessor for enlarged premises at a higher rental. No further commissions were paid to the agent.

Lessor's contentions that the original lease was not renewed, that the agency relationship was terminated, and that the agent had no part in procuring the new lease, would be good reasons for discontinuing the commission *in the absence of the provision quoted above.* Nevertheless, that provision clearly contemplates that as long as the two named parties maintain the lessor-lessee relationship for the *described premises as shown in the original lease* the agent will be entitled to continuing commissions for bringing them together initially. See *Hunter v. Benamy Realty Co.,* 115 Ga. App. 829 (156 SE2d 160).

*Judgment affirmed with direction that such amount as represents commissions on any premises other than those described in the original lease be written off. Bell, C. J., Eberhardt, Pannell, Quillian and Evans, JJ., concur. Jordan, P. J., concurs in the judgment. Deen and Whitman JJ., dissent.*

ARGUED SEPTEMBER 17, 1970—DECIDED DECEMBER 4, 1970—
REHEARING DENIED DECEMBER 18, 1970.

*Roland P. Smith,* for appellant.

DEEN, Judge, dissenting. There are three essentials to a binding contract, one of which is identity of the subject matter. *Code* § 20-107. Let us suppose that I lease a two-room apartment in a 100-apartment project under a lease such as that involved here, which specifies that I pay the agent "5% of all rentals . . . thereafter paid as rent for premises or any part thereof, whether paid under this lease or not." When this lease expires I, as a business venture, enter into a new lease of the entire project. What do I owe the original rental agent? 5% of the two-room apartment which I now rent out to somebody else? 5% of a two hundred thousand dollar yearly gross rental on the entire project? Or nothing? In my opinion the subject matter of the lease has so changed that the contracts no longer have any relation to the other. The agent cannot collect for additional premises which he had no part in renting (in this case apparently an additional 25% more or less) and the entities are as different as though I ceased to rent one house from a lessor but did rent another house.

A reasonable construction of the phrase "whether paid under this lease or not" can be seen in *Belau v. Brown & Sons Realty Co.,* 122 Ga. App. 76 (176 SE2d 210). The owner leased to a corporation with the right to sublease, which it did. The sublessee and owner then mutually agreed to a rescission of the lease, the owner re-leased to the president of the original sublessee and he in turn re-leased back to the sublessee, who thereupon contended that the original lease had terminated and its obligation to pay rental agent fees had ceased. The court held: "Having attempted to terminate this lease by making other arrangements to lease the premises and exclude the real estate agent, it is liable for the commissions." In that case there was an attempt to terminate the lease, and the agent's rights with it, prior to its termination date, and thereafter to deal with the same subject matter in a way that excluded the agent. Here the original lease was complied with until it terminated under its own terms, and thereafter there was a new lease involving a new subject matter (increased space) and a new consideration (increased rental).

To give the phrase "whether paid under this lease or not" the meaning asserted in the majority opinion would encumber the land with a perpetual fee to the rental agent, although the lease ended, the lessee moved away, and years later he returned and again leased the premises.

As Justice Cardozo said, "We are not at liberty to revise [a contract] while professing to construe." The lease contract in question is an entire contract covering offices, warehouse, parking areas and land at a location "known as 562 Dutch Valley Rd., NE" and "The entire lot is included in 'premises' of both 562 and 566 Dutch Valley Road." There is no way to separate the contract rental value of that part of the premises which was the subject matter of the first lease and that which is the subject of the second lease. This court is instructing the parties to do something utterly beyond the subject matter of either the first or second contract. "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties." *Code* § 20-112. In such a case, rent cannot be pro-rated over

a part of the area leased, but all rent goes to the whole contract. *Roberson v. Allen*, 7 Ga. App. 142 (66 SE 542). I doubt that this construction was within the intention of the parties.

WHITMAN, Judge, dissenting. I concur in the judgment only of the dissenting opinion by Judge Deen. I do not entertain any doubt that the words "whether paid under this lease or not" appearing in the original lease do not and should not be held as a matter of law to refer to any and all new agreements at a time subsequent to the expiration of the original lease and not arising out of any continuation, exercise of option or other connection with the original lease. I agree that the agency fee provided for in the original lease does not carry over into or become a part of the subsequent lease because, as stated in the dissenting opinion of Judge Deen "not only the time and the consideration but also the subject matter have changed." The first lease of date April 11, 1966, ran from May 1, 1966 to April 30, 1968, at $325 per month, and it appears from the record that all commissions were paid through April 30, 1968. The second lease commenced May 1, 1968, and ended April 30, 1970, and was for "a larger area" than that covered by the first lease and at a rental of $425 per month. The agency fee provision in the original lease does not apply to the second lease. The additional space embraced in the second lease was not a part of the space or premises covered by the first lease.