47289. C & S REALTY COMPANY v.
WILLIAMSON et al.

ARGUED JUNE 6, 1972—DECIDED SEPTEMBER 6, 1972—
REHEARING DENIED OCTOBER 26, 1972.

*Marvin P. Nodvin, Ira S. Zuckerman,* for appellant.

*Westmoreland, Hall & Bryan, John L. Westmoreland, J. M. Crawford,* for appellees.

QUILLIAN, Judge. It is contended that the executrices are liable for commissions extending through the termination of the lease agreement between the heirs and the lessee, which lease is from September 1, 1970 through August 31, 1975. The agent relies upon *Reynolds v. Tufts,* 123 Ga. App. 147 (179 SE2d 652), which contained the following lease provisions: "Lessor shall pay agents, as compensation for services rendered in procuring this lease, 5% of all rentals thereafter paid by lessee to lessor as rent for premises or any part thereof, *whether paid under this lease or not.*" This court held: "that provision clearly contemplates that as long as the two named parties maintain the lessor-lessee relationship for the described premises as shown in the original lease the agent will be entitled to continuing commissions for bringing them together initially."

The instant lease agreement contains no such provision and hence we cannot construe this instrument as containing

the broad all-inclusive intent as was there found. Here the language and thus the intent is definitely confined.

Under the terms of the contract quoted in the statement of fact, the agent was entitled to 5% of all rentals paid by the lessee under the lease or any renewal thereof, or if there was a new lease between the lessor and the lessee covering the leased premises or any part thereof. The contract further provided with regard to holding over: "If lessee remains in possession of premises after expiration of the term hereof, with lessor's acquiescence and without any express agreement of parties, lessee shall be a tenant at will at rental rate in effect at end of lease; and there shall be no renewal of this lease by operation of law." This provision clarifies a legal problem that arises where there is a lease for a certain term and the tenant after the expiration of the lease by consent of both parties remains in possession of the premises and continues to pay rent, the question being whether the law implies a renewal of such lease or a tenancy at will. *Williams v. Stark,* 75 Ga. App. 668, 672 (44 SE2d 300).

The first lease expired May 31, 1970, and there is no basis to find an extension or renewal of the lease. In *Hunter v. Benamy Realty Company,* 115 Ga. App. 829 (156 SE2d 160), the court pointed out that the term "new lease" would include a completely new agreement employing drastic different terms so long as such lease covered the "same premises or any part thereof." The new lease was entered into prior to the expiration of the first lease in the *Hunter* case, supra.

In the case sub judice, although there were negotiations, no new lease was entered into and the original lease terminated. The *Hunter* case is therefore not controlling. Furthermore, it should be noted that the language used in the lease agreement as regards a new lease plainly does not include the tenancy at will which arose after the termination of such contract.

It is evident that none of the lease prerequisites were met. The lease terminated and there was no extension or

new lease. The fact that the same parties continued a leasing arrangement or that the property was transferred from the estate to the heirs who subsequently entered into an agreement with the lessee or for that matter anything that occurred after the termination of the lease would be irrelevant. There is simply no language such as that found in *Reynolds v. Tufts,* 123 Ga. App. 147, supra, on which to base the agent's entitlement to continuing commissions. Indeed the language of the instrument in question evinces quite the contrary intent.

The trial judge properly granted the motion for summary judgment.

*Judgment affirmed. Pannell, J., concurs. Hall, P. J., concurs specially.*

HALL, Presiding Judge, concurring specially. I concur in the judgment, but not for the same reasons. The facts show that commissions were paid through the term of the original lease; that by its own terms the lease was not extended or renewed by the holding over; and that *before* another lease was made, the executrices had transferred the property to the heirs. I can see no theory of liability which would bind the executrices for commissions on property which has legitimately passed beyond any need for their administration.