48506. WILLIAMSON et al. v. C & S REALTY COMPANY.

HALL, Presiding Judge. This is the second appearance of the instant suit in this court, a previous appeal by Lucy Bryant Williamson and Billie Bryant Henry as executrices of the estate of Lucy D. Bryant being reported at 127 Ga. App. 435 (193 SE2d 863), wherein the transactions underlying this suit by a real estate broker for its commissions are set forth. Before us on this appeal is a default judgment taken by the broker, C & S Realty Company (hereinafter, "broker") on its amended complaint against Mrs. Williamson and Mrs. Henry in their individual capacities as heirs of Mrs. Bryant, seeking damages for their allegedly having tortiously conspired with a lessee of the rental premises here in dispute to defeat broker's right to continued commissions under a lease contract initially executed in 1964. Presently, the premises are leased by appellants to the lessee under a lease dated August 15, 1970.

No answer to the amended complaint having been filed, a hearing was duly held on April 10, 1973, at which time broker had the burden of establishing the amount of its damages, said damage being for tort and not for breach of contract. Code Ann. § 81A-155 (a). The trial court ruled that damages had been adequately established, and entered judgment for broker for $1,787.50 plus costs. We reverse.

In attempting to carry its burden of establishing damages claimed to have been incurred as a result of appellants' having defrauded it of the benefits of its contract, broker urged that multiplication of 5% commission fee for each month of the entire term of the new lease actually executed by appellants and the lessee at the stated rental rate of $550 per month yielded a product of $1,722.50. Appellants stipulated that the multiplication was correct. However, broker failed to show its entitlement to this or any other amount.

Because broker chose to seek as its measure of damages the amount that it would have recovered under a lease to which it had been made a party, its right to recovery may rise no higher than it would have in that circumstance; *had it been a party to a lease which continued the terms of the initial, 1964, lease, it would not have been able to seek recovery for its percentage of future rental instalments until those instalments became due.* Code § 20-1401; *Nicholes v. Swift,* 118 Ga. 922, 926 (45 SE 708). In *Stevenson v. Allen,* 94 Ga. App. 123 (93 SE2d 794) it was recognized that monthly lease payments are not due until each due date arrives.[1] This follows also from the language of the 1964 lease itself (to the continued benefit of which broker contends it should have been entitled) which computed broker's commissions at "five percent (5%) of all rentals thereafter *paid* by Lessee under this lease." (Emphasis supplied.) Thus, broker must show the actual payment of rental before it may claim a percentage thereof as commission, even *had* it been a party to the lease. At

---

[1] An attachment for attempted removal from the county in anticipatory breach of a lease contract was allowed in *Stevenson* only because the statute allowed attachment even for debts not yet due. It is true that the court says at 94 Ga. App. p. 125 that upon anticipatory breach plaintiff could "sue for her entire damage," but the opinion does *not* say that her damage would be the lease amount for the remainder of the lease term.

the time of the hearing, broker was properly positioned to claim only its percentage of any rental instalments actually shown to have been paid to date.

We see no conflict between these principles and *Kerr v. DuPree,* 35 Ga. App. 122 (132 SE 393), urged here by broker for the proposition that the measure of damages for tortiously procuring one to breach a contract with another "is the amount which he would have earned under the terms of the contract." Under the instant contract, broker would earn nothing until rental payments are actually made.

At the hearing broker introduced the lease actually executed by appellants with lessee, showing a term beginning September 1, 1970, and extending through August 31, 1975. However, appellants' attorney declined broker's request to stipulate that lessee had actually been a tenant from June 1, 1970 to the hearing date. There was no allegation of the lessee's tenancy or payment of rent made in the amended complaint the assertions of which were admitted by appellants by their failure to file an answer. Therefore, the lessee's tenancy and payment of rent remained to be proved at the hearing.

Though evidence was introduced at the hearing by broker tending to show that the lessee actually occupied the leased premises, this is inadequate as a matter of law to prove the payment of any rent in any amount under the lease, and broker cites no authority for the contrary view.

At the conclusion of broker's evidence, appellants moved the court to dismiss broker's claim on the ground that there had been an entire failure of proof of damages because there had been no proof of the making of any rental payment. The trial court should have granted the motion and entered judgment for appellants. The result would be different had broker used discovery procedures or subpoenaed appropriate witnesses to prove the actual payment of rental amounts under the lease, assuming without deciding that such amounts had been paid. Had such facts existed, proof of them was entirely possible, and this was simply not done.

The trial court erred in denying appellants' motion to dismiss made at the conclusion of the hearing on damages.

*Judgment reversed. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark and Stolz, JJ., concur. Pannell and Evans, JJ., dissent.*

SUBMITTED SEPTEMBER 14, 1973 — DECIDED JANUARY 17, 1974.

*Westmoreland, Hall, Bryan, McGee & Warner, J. M. Crawford,* for appellants.

*Marvin P. Nodvin, Ira S. Zuckerman,* for appellee.

Evans, Judge, dissenting. C & S Realty Company, as plaintiff, sued Lucy B. Williamson et al., defendants, in tort for conspiring with a lessee of rental premises to defeat the plaintiff's right to commissions under a lease contract.

Although the case was in default, defendants, as they had the right to do, contested the question of damages, which were unliquidated. See Code Ann. § 110-401 (Ga. L. 1946, pp. 761, 777; 1952, p. 195; 1953, Nov. Sess., pp. 440, 451; 1962, pp. 687, 688) and Code Ann. § 81A-155 (a) (§ 55, CPA; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238).

The parties entered into a stipulation that 5% commission fee for each month of the new lease would amount to $1,722.50.

The majority reverses, and contends that although plaintiff was suing in tort, it had chosen as its measure of damages the amount it would have recovered under a lease and therefore "its right to recovery may rise no higher than it would have in that circumstance . . . *it would not have been able to seek recovery for its percentage of future rental instalments until those instalments became due.*" In other words, the majority holds that because plaintiff calculates its damages by the commissions that *would have been due at the end of the lease,* it must therefore stand or fall as it would have had it sued *on contract.* With this premise we are in violent disagreement.

The majority cites in support of its position Code § 20-1401; *Nicholes v. Swift,* 118 Ga. 922, 926 (45 SE 708) and *Stevenson v. Allen,* 94 Ga. App. 123 (93 SE2d 794). But in each of the foregoing citations the question was as to *suit on contract, and not as to suit ex delicto.* If plaintiff here had filed suit on contract, no commissions would have been due on rental payments which had not yet become due. But suit on tort is an entirely different matter, and simply because plaintiff chooses to show his damages by pointing to the total commissions he has earned and would have earned in the future under the contract, this in no wise requires that his suit be governed by the rules as to a suit ex contractu.

On this point we quote *Chappell v. Western R.,* 8 Ga. App. 787 (2, 3) (70 SE 208): "An act and a neglect may be both a breach of a contract and a tort. In such cases the plaintiff has his election as to whether he will sue ex contractu or ex delicto; but the measure

of damages in the two cases is usually different; and often the question whether the damages which the plaintiff seeks to recover are too remote or not depends upon whether he has sued in the one form or the other. A contract may be breached either in such of its terms as are express or in such of its terms as arise from reasonable implication; and in such cases, the plaintiff may recover such damages as the parties should reasonably have contemplated would result from a breach." We quote also *Lipscomb v. Watkins,* 28 Ga. App. 185 (1) (110 SE2d 502) as follows: "When the action is on the contract the damages must necessarily be confined to such as were in legal contemplation within the minds of the contracting parties; whereas, in a suit in tort the injured party is limited only by the rule which requires that the damages must have followed directly and as the natural consequence of the act complained of."

The majority opinion correctly states the rule as applied to cases brought *ex contractu.* But an entirely different rule governs the measure of damages in cases brought *ex delicto.* Where suit is brought *ex contractu* to recover commissions due for breach of a rental contract, no recovery may be had for commissions not yet collected because not yet due. But as to an action brought *ex delicto* (and the suitor has his choice — his election — as to whether to sue in tort or in contract) the plaintiff may recover commissions not only on rent due and collected, but on rent not yet due and not yet collected. The measure of damages in an *ex delicto* action is ". . . the amount which *he would have earned* under the terms of the contract." (Emphasis supplied.) See *Kerr v. DuPree,* 35 Ga. App. 122 (2) (132 SE 393). The above language is quoted verbatim from the last line in the second headnote of the above authority, and leaves it beyond peradventure of doubt that in a tort action plaintiff may recover "the amount which *he would have earned"* — and not just the amount that has been already earned at time of filing suit.

I therefore respectfully dissent from the majority opinion in this case, and would affirm the judgment of the trial court in favor of plaintiff.

I am authorized to state that Judge Pannell joins in this dissent.