## LOW *vs.* ARGROVE AND WIFE *et al.*

1. When a promissory note, without any consideration expressed in it, is changed by the holder by stating a certain tract of land as the consideration, the alteration is a material one, and vitiates the whole note.
2. The fact of the execution of a note has nothing peculiar about it to save it from the operation of the general rule in Equity, that the answer, when responsive to the bill, can be overcome only by two witnesses, or one witness aided by corroborating circumstances.

In Equity, in Meriwether Superior Court. Tried before Judge BULL, at August Term, 1859.

This was a bill in equity by John Low against Allen Argrove and Mary Argrove, his wife, and Joel Hood and Mary A. Hood, his wife. The bill, in substance, alleges that complainant, about the 1st December, 1853, purchased of Mary Burton a certain tract of land in the 10th district of Meriwether county, for the sum of $1,200 00; that immediately after said purchase, and before titles for said land had been executed by Mary Burton to complainant, he at the request and solicitation of said Mrs. Argrove and Mrs. Hood, both

*femme coverts,* sold said land to Mrs. Argrove, for the sum of $1,500 00; that Mrs. Hood, who had a large separate estate, joined with Mrs. Argrove in a note to complainant for the said purchase money, which note is as follows:

" On or by the 25th December, 1855, we, or either of us, promise to pay John Low, or bearer, the sum of fifteen hundred dollars, with interest from the 25th December, 1854, without defalcation, *for tract of land in* 10*th district.*

(Signed)                    Mrs. MARY ⋈ ARGROVE,
                                        her
                                        mark.

                             Mrs. MARY ⋈ HOOD."
                                        her
                                        mark.

Witness: JOEL HOOD.

That Mrs. Burton, at complainant's direction and request, therefore executed titles for said land to Mrs. Argrove. The bill alleges that the parties now refuse to pay said note. That the land has been sold to one Matthews, to defeat complainant in the recovery of his demand, and that Argrove and wife have no property unencumbered, or at least, not enough to satisfy complainant's claim; that Mrs. Hood has a large separate estate under an ante-nuptial settlement which she manages and controls, and which she holds free from the debts, contracts or control of her husband. The bill prays that said land be sold, and that the proceeds of the sale be applied to complainant's note, aforesaid, to the exclusion of all other liens, or that said note be paid out of any property belonging to said Argrove and wife, or said Hood and wife.

The defendants answered the bill, amongst other things denying that said land was purchased by Mrs. Argrove from complainant, or that she, or any, or either of them, had anything to do with him, in the purchase of the land; that it was bought from Mrs. Burton, and the money paid to her; that the note mentioned in the bill, signed by Mrs. Argrove and Mrs. Hood, was given for borrowed money; that they never signed the note set out in the bill, and made an exhibit thereto; that the note they signed had not the words, "*for tract of land in* 10*th district,*" but these words have been added by complainant since they signed said note.

Low *vs.* Argrove and wife *et al.*

The case was heard upon the bill and answers and the proofs. Complainant introduced in evidence the note set out and described in the bill ; the marriage contract between Hood and wife, and proved that Mrs. Hood was in the habit of carrying on and transacting business as a *feme sole ;* also proved the insolvency of Argrove and wife.

The material, probably controlling, question made in the Court below was, whether the note set out in the bill as the foundation of complainant's action was made by defendants, Mrs. Argrove and Mrs. Hood ; and, if so, whether the words, "*for tract of land in* 10*th district*" were in the note when signed, or were afterwards added by the complainant.; and if the latter, what was the effect of such addition or alteration ?

Upon this point the Court charged the jury, that these words, if put in the note after its execution and delivery, amounted to a material alteration, although the note may have been given for the land, and that such alteration vitiated the note, and that it could not be collected in law or equity.

The Court further charged the jury, that Mrs Argrove and Mrs. Hood, having in their answers denied making such a note, it was incumbent on complainant, in order to entitle him to a recovery, to contradict and overcome said answers, by at least one witness and corroborating circumstances.

To which charge complainant excepts.

The jury found for the defendants. Whereupon, counsel for complainant tenders his bill of exceptions, assigning as error the aforesaid charge.

Geo. A. Hall, for plaintiff in error.

Adams and Knight, *contra.*

*By the Court*—Stephens, J., delivering the opinion.

1. Where a promissory note does not state that it is given for any consideration, not even for value received, is an addition to it, stating truly that it is given for a certain tract of land, a material alteration ? The addition is a material alteration just as certainly as the note is a material ·paper. Waiving the question as to the validity of the note, without

the statement of any consideration, its effect was changed by stating that its consideration was a tract of *land.* The fact is a material fact, for it gives the vendor a lien on the land for the payment of the debt, and the statement of the fact in the note is a material statement, for it furnishes *evidence* of a material fact. Now, the whole force and effect of the note itself is only as *evidence.* It is not the debt, but only the appointed evidence of the debt. If the holder of the note, without the consent of the maker, adds anything which is material to the evidence thus appointed, he makes evidence for himself just as effectually as if he were to forge the whole note. Whether the forged addition states the truth is just as important as whether a forged note states the truth. If one man should forge a due-bill on another, acknowledging a debt of a hundred dollars, he would not be saved from the crime of forgery, nor save the paper from total condemnation in a Court of justice, by showing that the money really was due according to the statement in the forged paper. So, the truth of any statement added to the note cannot save the addition from being material, nor save the whole paper from the fate of a forged paper. When the holder of a paper tampers with it by putting a material addition to it, he vitiates the whole paper. We do not say that he cancels the debt which is evidenced by the note, but we do say that he must recover it on other evidence than that which was appointed by the parties, but which has been put in disrepute by his own act. The *note* is cancelled. We do not think there was any error in the charge on this point.

2. Nor do we think that there was any error in the charge, that on the point of the execution of this note, the answer of the makers could not be overcome except by two witnesses, or one witness aided by corroborating circumstances. Such is certainly the general rule in equity, in relation to the effect of an answer which is responsive, and we see nothing to vary the rule in this case. The answer on the point is directly responsive to the bill.

Judgmens affirmed.