## ODELL *v.* DOZIER.

1. After a case has been tried in a justice's court and on certiorari a new trial has been ordered, the same may be lawfully had in the magistrate's court without producing therein any formal evidence of the judgment rendered in the superior court.   The fact that the new trial was ordered, no matter how ascertained by the magistrate, authorized him and the jury to proceed with the new hearing.
2. One who employs another as his agent to sell real estate is bound to pay such agent the agreed price for his services, if he procures a purchaser who enters into a written contract of purchase with the principal, satisfactory to the latter; and the liability of the principal to the agent is not affected by the fact that on account of the inability of the purchaser to comply with his original contract a new one is entered into between himself and the owner of the land.

Argued February 12, — Decided April 13, 1898.

Certiorari.   Before Judge Kimsey.   Hall superior court. January term, 1897.

*James M. Towery*, for plaintiff in error.
*Perry & Craig*, contra.

FISH, J.   1. There is in our practice no requirement that a judgment of the superior court in a certiorari case, the effect of which is to order a new trial in the justice's court, shall be formally certified to the latter.   Usually the magistrate becomes informed through the parties, or their counsel, of the action had in the superior court; and sections 4652, 4655 and 4656 of the Civil Code seem to contemplate that when the superior court on certiorari orders a new trial, it shall be the duty of the clerk to send back to the magistrate all the papers in the case; and this, of course, puts the magistrate on notice that further proceedings in his court are to be had.   When cases are brought from the city and superior courts to this

court, the law requires a remittitur to be sent to the court below evidencing the judgment rendered here; but we have no such thing as a remittitur from a superior court to any inferior judicatory. In the present case the superior court had on certiorari ordered a new trial in the magistrate's court. When thereafter the case came on for a hearing in that court, defendant objected to going to trial, upon the ground that no transcript of the judgment of the superior court ordering the new trial had been shown. Nevertheless the magistrate directed the trial to proceed, and was right in so doing. A new trial had been ordered, the magistrate knew this fact, and it was immaterial how he ascertained it. The case of *Bowden* v. *Taylor*, 81 *Ga.* 199, relied on by plaintiff in error, has no bearing upon the question at issue. There it was simply held that at a trial in a magistrate's court the independent fact that the superior court had dismissed an affidavit of illegality could not be proved by exhibiting what purported to be an original order signed by the judge of the superior court. The ruling of this court was, that an extract from the minutes of that court duly certified by the clerk would have been the best evidence to show that such an order had in fact been passed. The evidence offered and objected to was not tendered for the purpose of showing that the superior court had ordered a new trial in the case. In fact the case cited involves no question at all resembling that with which we have dealt in the present case.

2. Upon the merits, the plaintiff was entitled to a recovery. He had been employed by the defendant to sell certain real estate, and had procured a purchaser, who entered into a written contract of purchase with the defendant, which was satisfactory to him. This ended the agent's connection with the matter, and he was entitled to receive the price which had been agreed upon for his services. Though it afterwards transpired that the purchaser was unable to comply with the contract originally entered into between himself and the defendant, and in consequence a new contract was made, these facts could not, either in law or justice, affect the plaintiff's right to receive the compensation which he had fairly earned by doing all he had undertaken to do in the premises.

*Judgment affirmed. All concurring, except Cobb, J., absent.*