*C. B. Rosser Jr.,* contra.

---

### 4519. GEORGIA IRON & COAL CO. v. ROGERS, BROWN & CO.

HILL, C. J. 1. The right of a broker to his commission does not depend upon the carrying out of the contract of sale, but he is entitled to it when he has procured a purchaser and the seller has accepted the purchaser and entered into a binding and enforceable contract of sale. *Odell* v. *Dozier,* 104 *Ga.* 203 (30 S. E. 813); 11 Ann. Cas. 786, note.

2. A., acting as broker for B., made a contract with C. for the sale of 3,000 tons of pig-iron. B. ratified the contract as made for him by A. C. refused to comply with it, and thereupon B. brought suit for breach of the contract, and obtained a judgment against C. for the full amount that he was entitled to receive under the contract as made for him by A. *Held:* A. was entitled to receive from B. the full amount of his commission under the contract, without any deduction for expenses to which B. was put in his suit to enforce the contract and which resulted in a judgment in his favor.

3. A plea setting up, in effect, that A., the broker, was not entitled to his commissions, because, when he made the contract for B. with C., he knew that C. did not intend to perform the contract, but intended to breach the same if it was to his interest to do so, and was litigious, was immaterial, and constituted no defense on the ground of fraud by A. in procuring the acceptance of the contract, since, whatever was the character of C., and whatever had been his purpose in making the contract with B., B. had enforced it against C. and recovered a judgment in his favor for the full amount to which he was entitled thereunder.

4. The undisputed evidence demanded the verdict as directed by the court in favor of the plaintiff; and if any error was committed in the admission of testimony, it was immaterial. *Judgment affirmed.*
DECIDED FEBRUARY 18, 1913. REHEARING DENIED FEBRUARY 25, 1913.

Complaint; from city court of Atlanta—Judge Reid. October 16, 1912.

*Anderson, Felder, Rountree & Wilson,* for plaintiff in error.
*Mayson & Johnson,* contra.