### 12109.  MARTIN *v.* THROWER.

PER CURIAM.  1. A real-estate broker earns his commission when during the agency he finds a purchaser ready, able, and willing to buy, and who actually offers to buy, upon the terms stipulated by the owner.

Civil Code (1910), § 3587. This is true even though there may exist a lien upon the property, known to the broker, but which the owner in a contract with the purchaser, accepting the offer and binding the sale, agrees to remove.

2. Where the purchaser procured by the broker entered into a valid contract with the owner, whereby he became bound to buy upon the terms stipulated, and the owner became bound to sell, the broker had earned his commission by virtue of such binding and completed contract, even though the purchaser, before the expiration of a reasonable time allowed to the owner to remove the lien, refused to carry out his contract to purchase.

3. In a suit by the broker for his commission, the judge of the municipal court, under the undisputed evidence, properly directed a verdict for the plaintiff; and the certiorari was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur. Stephens, J., dissents.*

DECIDED MARCH 4, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. December 15, 1920.

*John L. Tye Jr.,* for plaintiff in error.

*J. L. Johnson, Napier, Wright & Wood,* contra.

STEPHENS, J., dissenting. While, in the absence of any agreement to the contrary, a real-estate broker earns his commission when " during the agency he finds a purchaser ready, able, and willing to buy, and who actually offers to buy, on the terms stipulated by the owner " (Civil Code of 1910, § 3587), yet where the property to be sold has a defect in the title, known to the broker, the broker's contract with the owner to sell might provide that the broker's right to be paid a commission will not accrue until the owner has removed the defect within a reasonable time and the purchaser then stands ready, able, and willing to buy, and actually offers to buy, on the terms stipulated by the owner. If the broker's contract with the owner provides that the broker is to find a purchaser ready, able, and willing to buy upon the owner's removing the defect in the title, and where the purchaser found by the broker enters into a valid contract with the owner to purchase upon such terms, but afterwards, and before the expiration of a reasonable time for the owner to perfect the title, declines to perform his contract of purchase, the purchaser then is not ready and willing to buy upon the terms stipulated by the owner, viz. upon the owner's perfection of the title to the property.

Where the only evidence of any contract in writing between

the broker and the owner is a written memorandum signed by the owner and attached to the written contract of sale between the owner and the buyer, containing only a promise by the owner to pay a certain commission to the broker, the entire contract between the broker and the owner relative to the former's right to a commission must necessarily rest in parol, and therefore all the circumstances surrounding the transaction, and the actions and dealings between the broker and the owner, including the terms of the written contract between the purchaser and the owner, may be inquired into for the purpose of determining the terms of the contract between the broker and the owner.

Where the broker, at the time of negotiating the contract of sale with the purchaser, had knowledge of the existence of certain incumbrances upon the property which he was offering for sale, and which would have to be removed before the owner could make an actual sale and convey title, and where the contract of sale between the owner and the purchaser, the terms of which the broker knew, obligated the owner to " make good titles " within a reasonable time, and the bond for title to the property to be given by the owner to the purchaser, in pursuance of the contract of sale, was to be dated at a date more than 60 days in the future, and where the broker afterwards promised the owner to produce the purchaser and have him meet with the owner to consummate the sale, and made efforts to have the owner and the purchaser meet together and consummate the sale, it is a reasonable inference that, under the terms of the contract between the broker and the owner, the broker's commission would not be earned until after a reasonable time allowed for incumbrances to be removed, or until the date agreed upon for the execution of the bond for title, provided that the purchaser procured by him was at such time ready, able, and willing to buy on the terms stipulated. The mere promise by the purchaser in his contract to buy upon the terms stipulated is not, where the terms are incapable of immediate enforcement, necessarily conclusive of the purchaser's readiness and willingness to buy upon such terms. Especially is such promise inconclusive of such readiness and willingness when it appears that the purchaser, before the arrival of the time to perform, receded from his obligation and declined to be bound by his contract of purchase.

If the purchaser under such contract, before the expiration of a reasonable time and before the date stipulated for the execution of the bond for title and without any fault on the part of the owner, who on that date was ready to consummate the sale with all incumbrances removed, refused to buy, upon the ground that the incumbrances had not been removed, the broker's commission was not earned. It was a question of fact for the jury to determine as to the terms of the contract between the broker and the owner, and as to what constituted a reasonable time in which the owner could remove the incumbrances upon the property.

In a suit by the broker against the owner, to recover commissions, the judge of the municipal court of Atlanta erred in directing a verdict for the plaintiff, and the judge of the superior court erred in overruling the certiorari. See *Truitt* v. *Ansley*, 12 *Ga. App.* 329, 333 (4) (77 S. E. 200); notes in 139 Am. St. Rep. 255; 43 L. R. A. 613-14; 24 L. R. A. (N. S.) 1184; 137 Am. St. Rep. 1059.