### 14695.   GOWER *v.* DI CRISTINA.

BLOODWORTH, J.   The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 3, 1923.

Certiorari; from Fulton superior court—Judge Bell.   March 24, 1923.

For a "real-estate commission" of $500 R. H. Gower sued Harry E. Di Cristina in the municipal court of Atlanta, alleging: that the defendant employed plaintiff to sell a certain house and lot in the city of Atlanta, known as No. 42 St. Augustine Place, at a certain price and upon certain terms, representing that the property belonged to his father and that he was authorized and empowered to have it sold; that, acting on this employment, plaintiff found a purchaser ready, able, and willing to buy the property upon the terms and conditions stated by the defendant; that the defendant's father, the owner of the property, failed and refused to carry out the trade which the plaintiff had made, and it developed that the defendant did not have the authority that he claimed to have; wherefore the defendant, "by employing petitioner and misrepre-

senting to him as above stated, made himself personally bound for the commission in said case, which was agreed should be $500." Upon the trial of the case by a judge of the municipal court he "decided in favor of the defendant, and gave judgment accordingly;" and the plaintiff sued out certiorari, alleging that the judgment was contrary to law and to the evidence, and was without evidence to support it.

The evidence as set out in the judge's answer to the certiorari was as follows: The plaintiff testified: "I am a real-estate agent. . . Mr. Di Cristina authorized me to sell a house in Atlanta known as 42 St. Augustine Place for $17,500. I told him I had a customer, Dr. R. R. Byrnes, who I thought would purchase the place. I carried Dr. Byrnes out and showed him over the house. He and Mr. Di Cristina negotiated between themselves for some days. Dr. Byrnes desired to put in two vacant lots he owned on St. Charles Avenue, at a valuation of $5,000. On April 20, 1922, Dr. Byrnes submitted to Di Cristina a written offer of $12,000 cash and the two lots on St. Charles Avenue, which was on the same day accepted in writing by Di Cristina in the following language: "Accepted. [Signed] H. E. Di Cristina." The writing referred to was introduced in evidence. Dr. Byrnes testified: "I did not agree to an absolute acceptance of the offer made through Mr. Gower, but all offers made . . were contingent upon Di Cristina's obtaining power of attorney from his father. I was informed all the time that the defendant Di Cristina had no title and had to get power of attorney from his father in Mexico before there could be a sale of this property."

The defendant testified: "Before I had any dealings with Mr. Gower he carried Dr. Byrnes and his wife out to see this property at 42 St. Augustine Place. I told Mr. Gower when he first approached me to sell the property that it was not mine, but that it was my father's who was in Mexico, and that I would have to get his consent and power of attorney before I could transfer the property, and that I had to submit all offers and all negotiations to my father, as I had no right to sell the property without proper power of attorney. I told him the terms upon which my father would sell the property would be $17,000 cash and no commission. The plaintiff said he would submit these matters to his prospective purchaser. About a day or two after this Mr. Gower came to see me

personally, representing that he would negotiate for Dr. Byrnes in this matter and all transactions on Dr. Byrnes' behalf should pass through him. Mr. Gower then offered on behalf of Dr. Byrnes $11,500 in cash and two vacant lots on St. Charles Avenue. I refused this offer and he asked me what was the best I could do. I told him I would be willing to take $13,000 and the two lots, and submit this negotiation to my father in Mexico, but that I understood that my father did not want any vacant lots. I afterwards made this proposition through Mr. Gower: $12,500 cash and the two lots, and no commission paid by me, but all commissions were to be paid by Dr. Byrnes. This proposition was written to Mr. Gower with the clause that if the offer was not accepted within 48 hours the same would be terminated and the trade would be off. Mr. Gower took this letter to Dr. Byrnes, who read it and handed it back, saying he was not interested. . . This offer was never accepted by Dr. Byrnes." It was dated April 14th.

The writing referred to in the plaintiff's testimony was an undated letter of R. R. Byrnes to Harry Di Cristina, saying: "Merely confirming the gist of our conversations of yesterday: Your final proposition was that you would accept in exchange for the residence at 42 St. Augustine Place, to be delivered unincumbered, $12,000 in cash and my lots on St. Charles Avenue, contingent upon your being able to arrange satisfactorily with Mr. R. H. Gower the question of his commission. In view of the fact that Mr. Gower had failed in his efforts to arrange the sale between us, we both felt that his commission should be the subject of an equitable adjustment, and not upon the basis primarily agreed upon between you and him. Your proposition further included that if I accepted the same upon the above basis before the painting was commenced, which was contemplated would cost about $175, you would pay Mr. Gower's commission. If, on the other hand, I accepted your proposition after the painting was commenced (Monday, April 24, weather conditions permitting), then I was to pay Mr. Gower's commission. . . Having accepted your proposition over the phone last evening, it would appear that the subject of the arrangement of Mr. Gower's commission between you and him is the only immediate impediment to the completion of the deal, and, according to that conversation, this was to be taken up by you with him this morning. In that conversation I understood

that you had already arranged for power of attorney from your father, who is now in Mexico, but had [?] yet actually received it; that if you did not receive it by Friday you would cable him for the same. . . You agreed that you would make your arrange-. ments for me to obtain possession of the house above referred to not later than June 1st next. My understanding further is that the house and premises are to be delivered as is, i. e., the papering and painting contemplated by you some time ago will not ·be executed by you. If our understanding is in accord as above, I will appreciate your confirming it, in order that we may both commence to execute our plans immediately." "Accepted by H. E. Di Cristina."

*H. A. Etheridge,* for plaintiff, cited: 104 *Ga.* 203; 139 *Ga.* 283.

*Roy L. Mitchell, Underwood, Pomeroy & Haas,* for defendant, cited: 146 *Ga.* 187; 152 *Ga.* 835; Civil Code (1910), § 3587; 129 *Ga.* 486, 489; 139 *Ga.* 296; 15 *Ga. App.* 210; 16 Id. 253; 19 Id. 704; 23 Id. 353; 26 Id. 196; 27 Id. 87; 5 Id. 340; 9 Id. 849; 23 Id. 578; 104 *Ga.* 203 (distinguished) ; 139 *Ga.* 283 (distinguished).