16314.   McGLAWN *v.* LANE & WATKINS INCORPORATED.

BROYLES, C. J.   1. A person who employs a real-estate broker as his agent to sell realty is bound to pay the agent the agreed price for his services, where the agent procures a purchaser who is accepted by the seller and who enters into a written and binding contract of purchase with the seller; and the seller's liability to the agent for commissions is not affected by the fact that the purchaser may be unable to comply with the terms of the contract, provided that the agent of the seller has acted in good faith toward his principal.   "He can not fraudulently put off an insolvent person on his principal, and thus entrap him." *Payne* v. *Ponder,* 139 *Ga.* 283, 287 (77 S. E. 32); *Odell* v. *Dozier,* 104 *Ga.* 203 (2) (30 S. E. 813); *Roberts* v. *Prater,* 29 *Ga. App.* 245 (1) (114 S. E. 645).   Under this ruling the demurrer to the petition was properly overruled.

2. The court did not err in holding that the written contract sued upon, at least in respect to the commissions of the plaintiff, was clear and unambiguous, and in rejecting parol evidence offered to vary the terms of the contract as written.

3. A verdict was directed for the plaintiff, but such direction is not assigned as error in the bill of exceptions, nor complained of in the motion for a new trial.   It follows, under the repeated rulings of the Supreme Court and of this court, that the judgment overruling the motion for a new trial will not be reversed, if there is any evidence authorizing the verdict directed.   The verdict directed being authorized by the evidence, the refusal to grant a new trial was not error.   *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED MAY 14, 1925.

Complaint; from city court of Atlanta—Judge Reid.   January 24, 1925.

*Daley, Daley & Peebles,* for plaintiff in error.

*W. A. Sutherland, Jones, Evins, Moore & Powers,* contra.