24316.   BAKER *et al. v.* STRAWDER.

DECIDED JANUARY 14, 1935.

*P. Q. Bryan,* for plaintiffs in error.
*John T. Coyle, Bob Humphreys,* contra.

SUTTON, J.   C. H. Strawder brought suit against Abner Baker et al. for commission alleged to have been earned by him for selling or procuring a purchaser for certain timber of the defendants. He alleged that the same was consummated on October 30, 1930, by a valid contract entered into between the defendants and a purchaser procured by him, Jack Thigpen, for $4200.   Payment of his commission was refused by defendants.   The defendants denied the al-

legations of the plaintiff's petition generally. Upon the trial the plaintiff introduced evidence tending to sustain the allegations of his petition. He contended that the commission was due him when he furnished a purchaser acceptable to the owners of the timber, and who entered into a contract of purchase with them, and that this he had done; but that the defendants kept putting him off upon one excuse and another, until they finally flatly refused to pay him. The defendants contended that the commission was not due the plaintiff, as the trade was never finally consummated, that a Mrs. Thompson held a mortgage or security deed against the lands on which these timbers stood, that under the contract with Thigpen the proceeds of the sale were to be applied towards the satisfaction of the debt due Mrs. Thompson, before there would be any monies coming to defendants or to plaintiff, that before the trade was finally carried out, the contract between them and Thigpen was rescinded and cancelled, and that the defendants did not get any money, not enough coming out of the sums paid by Thigpen to pay off Mrs. Thompson, and that therefore the plaintiff was not entitled to any commission. They contended that Thigpen abandoned cutting the timber, moved off his machinery, and that therefore they rescinded their contract with him by written agreement. The plaintiff replied to this that he was entitled to his commission upon the closing of the trade, that he was not interested in any monies being paid to Mrs. Thompson, or what became of the proceeds paid by Thigpen, and that the rescission by the defendants of the contract with Thigpen, made on April 23, 1931, nearly a year after the contract between them and Thigpen was effected by the plaintiff, was something with which the plaintiff had nothing to do. The jury returned a verdict in favor of the plaintiff for the full amount sued for, plus interest. The defendants moved for a new trial, and to a judgment overruling the motion they excepted.

The judge did not err in admitting in evidence the rescission agreement of April 23, 1931, whereby the purchaser procured by the plaintiff, who had entered into a valid contract to buy this timber for which plaintiff was claiming a commission, surrendered to the defendants, for a valuable consideration, all his right, title, and interest in and to the timbers which he contracted for on October 30, 1930. This contract was admissible, although the plaintiff was not a party to it, to show that there had been a valid existing con-

tract between the defendants and such purchaser, being the contract effected by the plaintiff and for which he was seeking a commission in this case; and further to show that the plaintiff had no part in the making of the contract of rescission, did not consent thereto, and was not bound thereby, to the extent of waiving his right to the commission claimed to have been earned by him by procuring a purchaser for this timber, acceptable to the owners thereof, with whom they had entered into a valid contract.

The trial judge did not err in charging the jury: "Unless you further find that such payment upon the part of the purchaser of the property was rendered unnecessary or impossible by reason of the conduct of the defendants in rescinding the trade, if you believe that such trade was so rescinded without the knowledge and consent of the plaintiff. . . If you believe that the purchaser of the timber was prevented from paying the money in question and released from the obligation so to pay the money in question representing the purchase-price of the timber by the defendants and by their conduct, which act or conduct upon the part of the defendants was without the consent of the plaintiff, then and in that event the plaintiff would be entitled to recover such compensation as it was agreed by the parties he would be paid as compensation for his services in the sale of the timber in question." This charge did not authorize the jury to find in favor of the plaintiff if the evidence showed that he had ratified or consented in any way to the contract of rescission by the defendants with such purchaser in such a way as to waive his right to the commissions. Under the plaintiff's theory of the case, and the contract, he was entitled to a commission when he produced a purchaser for the timber who entered into a contract to purchase it under the terms and conditions imposed by the defendants; and the fact that the defendants thereafter rescinded the contract with the purchaser, under the plaintiff's contention, would not release them from liability for the earned commission, for which he brought this suit. It was not incumbent on the plaintiff to prove that the purchaser procured by him was solvent and able to carry out the contract. As to any matters which the defendants set up to defeat the plaintiff's claim that he was entitled to a commission when he procured a purchaser and a contract was entered into with him, the burden would be upon the defendants to prove such matters. This charge did not tend to allow the jury to find for the

plaintiff if the evidence did not authorize a recovery by the plaintiff.

The evidence supported a verdict for the plaintiff. *McGlawn* v. *Lane,* 34 *Ga. App.* 58 (128 S. E. 219) ; and cit.; *Williams* v. *Selph,* 29 *Ga. App.* 38 (113 S. E. 245) ; *LeRoach* v. *Clayton,* 17 *Ga. App.* 493 (87 S. E. 707). There was evidence from which the jury might well find that the plaintiff had complied with his contract, that this contract was to procure a person to purchase the timber upon the terms asked by the defendants, and to effect a contract between the defendants and such purchaser, and that the plaintiff had done this and was entitled to his commission. Under the plaintiff's contention as to the contract, he would be entitled to his commission even though the purchaser, for no reason at all, deliberately refused to carry out his contract with the defendants. *Swift* v. *Moore,* 15 *Ga. App.* 254 (82 S. E. 914) ; *Martin* v. *Thrower,* 28 *Ga. App.* 270 (110 S. E. 742). It follows that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*