## ALSOBROOK *v.* TAYLOR.

No. 10404.    AUGUST 9, 1935.

14

[black redaction bar]

*Fulwood & Fulwood* and *Robert R. Forrester,* for plaintiff in error. *R. D. Smith,* contra.

RUSSELL, Chief Justice. (After stating the foregoing facts.) We deem it unnecessary to detail in extenso the various contentions of the parties as disclosed by the petition, the amendments, and the demurrers. It is our opinion that the proper solution of three or four of the questions raised will properly determine the real issue, which is whether the petition set forth such a cause of action as was immune from the attacks made upon it by the demurrers. It is quite plain that one of the allegations of the petition, to wit, that Alsobrook, in taking his deed from Smith, assumed the debt due by Smith to Taylor, can not be sustained, because in an amendment to the petition a copy of the deed from Smith to Alsobrook is set forth, and from this it appears that Alsobrook did not assume the debt or promise to pay it, and this the defendant in error admits to be true. The statement in the deed is merely that Alsobrook is buying the property "subject to" the debt therein fully described. So the question recurs, does this petition set out a cause of action against Alsobrook, subjecting him to liability for the indebtedness sought to be recovered. We have seen that the warranty deed made by Smith to Alsobrook can not properly be construed to contain any contract on the part of Alsobrook to assume the obligation of Smith to Taylor. Then, do the statements made by Alsobrook to Taylor during the pendency of the negotiations for the purchase between Smith and Alsobrook, that if he purchased the land Alsobrook would assume the obligation of Smith to Taylor, and the subsequent statement that he had assumed the obligation of Smith to Taylor, constitute an estoppel on the part of Alsobrook to deny such representations; and if Alsobrook is estopped from denying that, does this create a liability on the part of Alsobrook to pay the obligation? Does the statement of Alsobrook to Taylor subsequently to his

purchase, and his oral agreement to assume said obligation, constitute a valid and binding contract on his part? It appears from the petition that the liability of Alsobrook is based upon three grounds. (1) That the recitals of the deed contained an assumption on his part of the debt of Smith to Taylor, which he was estopped from denying. (2) That subsequently to the purchase of the land by Alsobrook he orally agreed to pay the notes of Smith. (3) The plaintiff relies on part performance as a substitute for the writing required by the statute of frauds. However, it must be borne in mind that it does not appear from the petition that Smith has been released from his obligation, or that the defendant Alsobrook is insolvent. So far as appears from the petition, Taylor has, and has always had, the right at his option to declare the whole indebtedness due upon default in the payment of any note at its maturity, and advertise the property for sale under the power of sale contained in the deed to secure debt from Smith; and it does not appear that Taylor has not received a positive benefit from the alleged agreement, in that Alsobrook has paid a very substantial portion of the indebtedness while he was in possession of the property. It is our opinion that the allegations of the petition amount merely to a statement that Taylor agreed to let Alsobrook pay Smith's notes as they became due; and if the oral agreement to extend two of the notes was not binding on him, Smith not being a party thereto or being released from the debt, then Taylor could legally have exercised the rights of the contract between himself and Smith, declared all the indebtedness due, and foreclosed the paper at any time, in spite of his oral agreement with Alsobrook that he would extend it. Especially would this be true if Smith was not released from his obligation by the oral agreement to extend the time of payment of these two notes as alleged. It does not appear that Taylor has parted with any rights under the terms of the original contract between himself and Smith, which would supply a consideration in support of the oral statement by Alsobrook that he would assume the entire debt. As said in 41 C. J. 719, § 761 (2): "An extension as to an installment of the mortgage does not discharge the mortgagor as to unmatured installments which are not included in the agreement." Since it appears from the petition, properly construed, that the question whether the indebtedness of

Smith to Taylor was assumed by Alsobrook depends entirely upon the oral statements and representations of Alsobrook to Taylor, we are of the opinion that the statute of frauds, cited in the head-notes, is applicable; and for that reason the court should have sustained the demurrers and have dismissed the action.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*

BECK, P. J., and ATKINSON, J., concur in the result.