1. A recital in a conveyance that the deed is made subject to a specified loan against the property is not an agreement to assume and pay the encumbrance. There must be words importing a promise to pay the debt, in order to render the grantee personally liable. Alsobrook v. Taylor, 181 Ga. 10 (6) (181 S.E. 182). The result is not different because the conveyance, after reciting that it is made subject to the loan, adds the words, "which ac a `art of the above consideration."
2. As under the above ruling the general demurrer was properly sustained as to the only defendants residing in the County of DeKalb, where the suit was brought, it was properly dismissed as to the non-resident defendant. Moore v. Atlanta Joint Stock Land Bank, 176 Ga. 697 (4) (168 S.E. 558).
Judgment affirmed. All the Justicesconcur.
 No. 13254. JUNE 14, 1940.
W. I. Brooks and H. M. Grant executed their promissory note for $3700, payable to the order of Mortgage Guarantee Company *Page 514 
of America, and contemporaneously with its execution, and to secure the payment of the debt thereby evidenced, they executed to that company a security deed conveying described realty, providing therein that if the debt thereby secured was not paid when it became due by maturity in due course, the grantee might sell the realty and apply the proceeds to the reduction of the debt. Subsequently Brooks and Grant conveyed by warranty deed the same realty to Robert W. Parris, the deed reciting: "This deed made subject to a first loan of $3700 now against this property, . . which is a part of the above consideration." Robert W. Parris accepted the deed and went into possession. Later he conveyed the same realty to Hall Jackson by deed which recited that it was subject to the loan of $3700, and that "grantee expressly assumes payment of this loan as a part of the consideration of this deed." Hall Jackson accepted the deed, went into possession, and conveyed the property to Mrs. Mildred Hartman Jackson; but the record is silent as to whether it contained any reference to the outstanding loan. Mrs. Jackson conveyed the property to W. D. Parris by deed reciting that "This deed is given subject to a loan of $3700, which is a part of the above consideration." Parris accepted the deed and went into possession. Brooks and Grant, the makers of the promissory note for $3700, failed to pay the debt at maturity. They became insolvent, and were discharged in bankruptcy. The National Bondholders Corporation, alleging the foregoing facts and that it was the holder and owner of the note, which it alleged had been reduced in a small amount, filed its petition in equity against Robert W. Parris and W. D. Parris, residents of DeKalb County, and against Hall Jackson, resident of Fulton County, and prayed for a judgment against the defendants for the unpaid amount of the promissory note with interest. Attached to the petition were excerpts from the deeds above referred to. Robert W. and W. D. Parris and Hall Jackson filed general demurrers to the petition, which were sustained, and the action was dismissed. The plaintiff excepted.