### 29565.   WILLIAMS *v.* F. S. ROYSTER GUANO COMPANY.

DECIDED JULY 6, 1942.   REHEARING DENIED JULY 25, 1942.

*Newt Gaskins, J. B. Moore,* for plaintiff in error.

*Heath & Heath,* contra.

FELTON, J.   F. S. Royster Guano Company sued T. J. Williams on two promissory notes which contained bills of sale to secure debt.   The defendant filed a plea of non est factum at the first term.   At the trial term he amended his original plea by alleging that the notes sued on were void because of material alterations, consisting in the addition of a tenant's name on each note as co-maker, and the addition of the signature of an official witness. The trial, in which the only issue submitted to the jury was the question as to whether the defendant executed the notes, resulted in a verdict for the plaintiff.   The defendant excepts to the overruling of his motion for new trial.

■   The first headnote does not require elaboration.

■   The Code, § 14-907, provides: "What constitutes a material alteration.   Any alteration which changes: (1) The date; (2) The sum payable, either for principal or interest; (3) The time or place of payment; (4) The number or relations of the parties; (5) The medium or currency in which payment is to be made; or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."   Either the addition of an official witness to the notes or the addition of a party would be a material alteration under the above section and *Cook* v. *Parks,* 46 *Ga. App.* 749 (169 S. E. 208), which discusses the distinctions between material alterations of contracts in general and the material alteration of negotiable instruments.   Further elaboration is unnecessary.

■   A general plea of non est factum was filed under oath at the first term.   This was enough to amend by, so the plea of material alterations, which is another form of non est factum, was properly allowed at the trial term.

■   Since the plea of material alterations was permissible at the trial term it was amendable at that term, and the failure to object or demur to such an unverified amendment, at the time it was offered or thereafter, was a waiver of the verification.

■   The court erred in not submitting to the jury the questions

raised in the plea of material alterations. Such action on the part of the court is not the general direction of a verdict, and an exception to such action may be made in an exception on a failure to submit the issue to the jury, and does not have to be made as an exception to a directed verdict.

Claude Parker Cook testified for the plaintiff that he worked for his father, R. A. Cook, in 1939; that his father represented four fertilizer companies; that his father sold the defendant fertilizer for 1939 and took two notes of the same amount as those sued on and had them payable to Swift Fertilizer Company; his father settled with Swift and got the two notes back and wanted them payable to F. S. Royster Guano Company because he owed it and needed the notes to put up with it as collateral security; that the witness went to the defendant and explained what he wanted of him; that defendant signed the two notes sued on; that a tenant named Arvin Lewis signed on the Swift notes as a co-maker with defendant and J. B. Williams the other; that witness asked defendant whether it was necessary to get the tenants to sign the Royster notes and he said not; that witness himself put the names on the notes for identification (in the space for co-maker); that witness gave defendant the two Swift notes; that witness was a witness when this case was tried before and that he testified practically the same thing that he was testifying now; that he put the J. B. Williams name on the note at the truck where the defendant signed the note; that he wrote the names of the tenants on the notes right under the defendant's name; that he told them he did it at that time, but that he did not say that the defendant agreed to it; that he asked defendant if he wanted witness to go out and get the tenants to sign and he said not; that he discovered that it was necessary for him to testify that it was agreeable with the defendant, as he wanted to make it clear that it was with the defendant's consent; that no one told him defendant's consent was necessary, that he just figured it out himself; that witness signed his name on the note right then; that he did not disguise his handwriting; that he signed his name with his pen set up as he did not have a desk to write on; that he was writing in a truck.

J. S. Wilcox testified for the plaintiff that during the spring and summer of 1939 he was a salesman for the plaintiff; that at the time the notes sued on were executed witness was sitting in his car

by defendant's truck; that they had the Swift notes with them; that the two notes sued on were not executed before that time and they were signed when Claude Cook turned them over to him at that time; that he did not see any money passed that day; that he did not see the defendant sign the note; that he did not know whether the man Claude Cook approached was the defendant or not; that he was not positive but he thought Cook witnessed the notes when the defendant signed them; that he did not know whether the same pen signed "this" and the names of T. J. Williams, Arvin, Lewis and J. B. Williams, or that the same man did it; that it did not look like the same handwriting; that he did not think that defendant's name and Claude Cook's name were signed by the same man or with the same pen. John Q. Hodges testified for the plaintiff that about two years previously he went with Mr. Cook to see the defendant and that defendant offered to renew some Royster notes without security. R. A. Cook, testified for plaintiff, after giving the explanation as to why the notes were changed, that the defendant offered to renew the Royster notes without security.

T. J. Williams, defendant, testified that he did not sign the notes sued on, or authorize any one to sign them for him, or ratify any one's signature; that Mr. Cook came to see him about four notes and he owed only two, and he stated to Mr. Cook that he would pay the two notes he owed but not the other two; that he paid the two notes he owed and agreed to reconsider the other two but that he was given no opportunity to reconsider; that he did not drive his car or truck by the bank and sign the two notes sued on as Mr. Claude Cook testified, or consent for him to put the tenants' names on them; that he never saw the notes before; that he paid the two notes he made payable to Swift; that he did not remember that Claude Cook came to him and surrendered the Swift notes, and that he gave Cook the Royster notes at the same time and for the same amount; that he did not do so; that he heard Claude Cook testify when this case was tried before and that it was his recollection that Cook testified that it was so far to the farm after he had gotten away from defendant that he decided he would sign those notes himself and get through with it; that Cook did not swear that it was directed by defendant or that defendant agreed for him to sign them, but that it was so far to the farm

and that he was so limited with Mr. Wilcox that he signed them himself when he was away from the defendant; that Mr. Cook did not sign the notes in his presence; that he at one time signed a note to Royster for $38.

It will be seen from reading the testimony that there were conflicts in the evidence on the question as to whether there were material alterations made on the notes. The finding of the jury that the defendant himself signed the notes was not necessarily conclusive of the question of material alterations. It was the function of the jury and not the court to pass on the conflicts in the evidence on this question, and it was therefore error for the court not to submit the question of material alterations to the jury.

The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*