31647. DAVIS *v.* HOLBROOK.

DECIDED JULY 15, 1947.

*D. B. Phillips,* for plaintiff in error.
*John R. Burress,* contra.

PARKER, J. Grady Holbrook, trading as Holbrook Realty Company, a licensed broker, sued J. N. Davis for commissions which he claimed were due him for the sale of certain real estate for the defendant. He alleged that he contracted to sell the property for the defendant; that he procured a contract for the sale thereof, a copy of which was attached and made a part of the petition; that the purchaser procured by him was ready, willing, and able to buy the property upon the terms and conditions set out in the contract; but that the defendant refused to carry out said contract and deliver the property to the purchaser thereof. The contract attached to the petition recited that Harry Sunshine had agreed to buy, and J. N. Davis, the defendant, had agreed to sell the property therein described, on the terms therein stated, the sale to be made through Holbrook Realty Company as agent; that in negotiating the contract the agent had rendered valuable services; and that the seller agreed to pay the agent a commission on the

sale; and the contract was signed by Sunshine as the buyer and by Davis as the seller. The contract also provided that, if the sale was not consummated because of the default of the buyer, he would pay the commission rather than the seller, and that the agent could enforce the contract to the extent of his commissions against either party liable therefor under the contract.

The defendant did not demur to the petition, but filed a general denial by way of answer. Upon the trial, the plaintiff's evidence made out his case substantially as alleged, and the contract was introduced in evidence without objection. Thereupon the defendant testified in effect merely that neither the buyer nor his attorney had offered him any money or a check, and that the buyer did not offer to go through with the contract or carry out the trade. The court directed a verdict for the plaintiff for the amount of the commissions as shown by the petition and the plaintiff's testimony. The defendant made an amended motion for new trial, in which for the first time he sought to attack the validity of the contract on several grounds, and in which he contends that the case should have been submitted to the jury. The court overruled his motion, and error is assigned here on that ruling.

"The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code, § 4-213. "Where a broker, during the agency, finds a purchaser ready, able, and willing to buy, and who actually offers to buy, on the terms stipulated by the owner, his commission is earned." *Harvil* v. *Wilson Bros.*, 11 *Ga. App.* 156 (74 S. E. 845). "The right of a broker to his commission does not depend upon the carrying out of the contract of sale, but he is entitled to it when he has procured a purchaser and the seller has accepted the purchaser and entered into a binding and enforceable contract of sale." *Georgia Iron & Coal Co.* v. *Rogers*, 12 *Ga. App.* 429 (77 S. E. 213). "One who employs another as his agent to sell real estate is bound to pay such agent the agreed price for his services, if he procures a purchaser who enters into a written contract of purchase with the principal, satisfactory to the latter." *O'Dell* v. *Dozier*, 104 *Ga.* 203 (30 S. E. 813). "Where the purchaser procured by the broker entered into a valid contract with the

owner, whereby he became bound to buy upon the terms stipulated, and the owner became bound to sell, the broker had earned his commission by virtue of such binding and completed contract, even though the purchaser, before the expiration of a reasonable time allowed to the owner to remove the lien, refused to carry out his contract to purchase." *Martin* v. *Thrower,* 28 *Ga. App.* 270 (2) (110 S. E. 742).

Under the rules of law applicable to this case, no valid defense was established by the defendant upon the trial, and a verdict was properly directed for the plaintiff. .It appears without question that the plaintiff was a real-estate agent; that as such agent he contracted to sell certain property for the defendant for a certain commission agreed upon by them; that he procured a purchaser ready, able, and willing to buy on the terms stipulated by the defendant; that a valid written contract of sale was negotiated by the agent between the proposed buyer and the defendant, which was signed by each of them, under which the defendant as the seller accepted said purchaser by entering into said contract of sale. Under these facts the court was right in holding as a matter of law that the agent was entitled to his commissions and in directing the verdict in his favor.

The effort of the defendant to attack in his motion for new trial the validity of the contract made by him with the purchaser procured. by the plaintiff is ineffectual. If the contract was invalid for any of the reasons urged by the defendant, and it is not necessary to set out the objections to the contract, the defendant should have demurred to the petition in the first instance, as the contract was attached thereto and made a part thereof, or he should have pursued some of the other remedies provided by law. See *Kelly* v. *Strouse,* 116 *Ga.* 872 (5) (43 S. E. 280). The defendant cannot, after the trial, successfully urge for the first time objections to the contract in an amended motion for new trial; and the court did not err in overruling said motion.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*