41552.  PITILLO v. DEMETRY.

SUBMITTED OCTOBER 4, 1965—DECIDED NOVEMBER 12, 1965.

644

T. *Charles Allen, Paul T. O'Connor,* for plaintiff in error.
*Leon Epstein,* contra.

FELTON, Chief Judge. *Code Ann.* § 109A-3—307 (3) (Ga. L. 1962, pp. 156, 256) provides as follows: "After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course." The defense alleged by the answer is failure of consideration. If the plaintiff was not a holder in due course, he took the instrument subject to this defense. *Code Ann.* § 109A-3—306 (c) (Ga. L. 1962, pp. 156, 255). The contrary is true if he was a holder in due course. *Code Ann.* § 109A-3—305 (2) (Ga. L. 1962, pp. 156, 255). There is no allegation in the petition that

the plaintiff was a holder in due course, nor was such allegation necessary to state a prima facie cause of action on the note, since a holder who is not a holder in due course nevertheless has a prima facie right of action on the note, subject only to the claims and defense provided in *Code Ann.* § 109A-3—306. Assuming, however, that the plaintiff was claiming the rights of a holder in due course, his prima facie right of action on the note was challenged by the allegation that the defense of failure of consideration exists, which thereby cast the burden on him "of establishing that he or some person under whom he claims is in all respects a holder in due course." The defenses which may be alleged and shown to exist cannot be restricted merely to those which are available only against holders in due course, since this would mean that the statute (*Code Ann.* § 109A-3—307 (3)) would require the plaintiff holder to assume the burden of establishing that he is a holder in due course even though his proof of that fact would not free him from such defense. The law does not require a man to do a useless act. The only possible construction of this statute, then, is that the showing of any defense provided by *Code Ann.* §§ 109A-3—305, 109A-3—306, against holders in due course as well as holders not in due course, is what is required to cast the burden on the plaintiff holder. The allegation of the defense of failure of consideration in the answer in the present case was therefore adequate to cast on the plaintiff holder the burden of establishing himself as a holder in due course by showing, inter alia, that he took the instrument without notice of any defense against it on the part of any person. *Code Ann.* § 109A-3—302 (Ga. L. 1962, pp. 156, 252).

Although the allegation in the answer, that the plaintiff is not a holder in due course, does not state why this is true and is hence merely a conclusion, this does not prevent the answer from raising an issue of fact, since the allegation of the defense of failure of consideration was what served to cast the burden on the plaintiff and raised the issue of whether or not he was a holder in due course, hence not subject to the alleged defense. There being this genuine issue of material fact to be resolved in the case, the court erred in its judgment granting the summary judgment.

*Judgment reversed. Jordan and Deen, JJ., concur.*