## 44972. ARNOLD et al. v. BOSTWICK BANKING COMPANY.

EVANS, Judge. This case is here on appeal from the grant of a motion for summary judgment in a suit on promissory notes in which the defendants admitted that the promissory notes were delivered to the bank in blank except for signatures, dates and amounts filled in by the maker, and claimed an officer of the bank would complete the notes by writing in the due dates, "the name of the corporation, Sunshine Ford Sales, Inc.," above the signatures of the defendants. The answer of the defendants denied liability, stating it was the intention of the parties that only the corporation was to be liable, the defendants acting as agents

and officers only, and "Bostwick was supposed to have written in when he completed the note the words 'Sunshine Sales, Inc., and by the defendants.'" However, the affidavits do not show the bank official was to sign the corporation "by the defendants," but merely "to write in above the names . . . the name of the corporation." *Held:*

1. Under *Code Ann.* § 109A-3—403 (Ga. L. 1962, pp. 156, 257), if the representative does not show he "signed in a representative capacity" he is personally obligated.

2. *Code Ann.* § 109A-3—307 presumes the signature on the negotiable instrument to be genuine or authorized. In addition, the answers of the plaintiff to the defendants' interrogatories make an issue of fact in denying the claim of the defendants. *Newby v. Armour Agricultural Chem. Co.,* 119 Ga. App. 650 (168 SE2d 652).

3. Under *Code Ann.* § 109A-3—306, the defendants are entitled to a defense of non-performance of a condition precedent. Compare *Pitillo v. Demetry,* 112 Ga. App. 643 (145 SE2d 792).

4. Material alterations avoiding the instrument have been held to be addition of (a) witnesses, one a notary public (*Cook v. Parks,* 46 Ga. App. 749 (169 SE 208)), since it facilitated proof of execution; (b) a co-maker (*Williams v. F. S. Royster Guano Co.,* 67 Ga. App. 711 (21 SE2d 349)); (c) a seal to a sealed instrument (*Hamby v. Crisp,* 48 Ga. App. 418, 420 (172 SE 842)); (d) consideration where there was none (*Low v. Argrove,* 30 Ga. 129); and dates and payee (*Winn v. Hinson,* 64 Ga. App. 48 (12 SE2d 172)). While the above cases arose before the adoption of the Uniform Commercial Code in this State, we think basically all applicable statutes involved in the above cases which were repealed are virtually intact in the new Code. See *Code Ann.* § 109A-3—407.

5. Where, on consideration of a motion for summary judgment, it appears from the evidence that there remains a genuine issue as to any material fact, the moving party is not entitled to a judgment as a matter of law and the motion should be denied. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *International Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298); *Horton v. Nichols,* 117 Ga. App. 748 (162 SE2d 208). Accordingly,

the conflicting testimony as to the material alterations makes a question for jury determination, and the lower court erred in granting summary judgment.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED JANUARY 29, 1970—REHEARING DENIED FEBRUARY 6, 1970—

*E. Louis Adams,* for appellants.
*Twitty & Twitty, Frank S. Twitty,* for appellee.