45123. BELAU et al. v. BROWN & SONS
REALTY COMPANY, INC. et al.
45124. SIMS REALTY COMPANY v. BROWN & SONS
REALTY COMPANY INC. et al.

SUBMITTED MARCH 4, 1970—DECIDED MAY 28, 1970—
REHEARING DENIED JUNE 23, 1970.

*Ernest D. Brookins, Alex McLennan, Scott Hogg,* for appellants.
*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellees.

EVANS, Judge. This case arose as the result of an appeal from the granting of a summary judgment against the defendants for commissions earned under a tripartite lease contract. The plaintiff, as real estate agent, sued for commissions it earned under a lease contract which it negotiated after two of the defendants notified it

the lease had been rescinded. Count 1 sought judgment for commissions which would accrue under the agreement. Count 2 sought the same commissions based upon the conspiracy of the parties to breach the agreement, together with punitive damages. The plaintiff moved for summary judgment against the lessor, lessee, and assignee as follows: (1) for commissions to be earned and due under the original lease contract as to Count 1; and (2) for the same commissions earned and due by reason of the wilful and malicious conspiracy of the parties in entering the second lease to defraud the plaintiff as alleged in Count 2.

The punitive damages sought in Count 2 were excluded from the motion for summary judgment. However, the court granted summary judgment against the defendants only as to Count 1, the ex contractu part of the suit, and did not pass upon Count 2, the ex delicto part of the suit.

The lessor, Sims (Sims Realty Company) leased certain facilities to Alpha Enterprises, Inc. (no longer involved in the case in any particular), authorizing it, among other things, to sublease and assign the lease to another. The original lease agreement required payments to the plaintiff as real estate agent of the first month's rent (to be paid by the lessor) and thereafter, the lessee to pay 5% of all rentals by it. The evidence shows as alleged in the petition, that this lease was assigned by Alpha to the defendant, R.B.M. of Atlanta, Inc. who continued to pay the 5% rental commission until the defendant Belau, a general manager of RBM, and a stockholder therein, negotiated a new lease with the lessor, not authorizing any real estate commissions therein.

Under the provisions of the first contract the owner, Sims Realty Co., was specifically relieved of any obligation to pay rent commissions to Brown & Sons, except for an initial payment which had been made by it at the time. Belau was the general manager of RBM of Atlanta, Inc. Thus, no judgment could be rendered against Belau or Sims Realty Company in the court's order and judgment on motion of the plaintiff for summary judgment, since Sims was specifically excluded from making any further payments and Belau was not a party to the contract.

It is admitted by the defendant RBM of Atlanta, Inc., that it paid a valuable consideration for transfer of the lease to it, and it

assumed all obligations as well as benefits by reason of the transfer of the lease to it regardless of the fact it did not accept the assignment in writing. The lease itself bound the successors and assigns of the parties. The real estate agent, having earned its commissions, was entitled to receive them from the assignee. See Ga. Iron &c. Co. v. Rogers, Brown & Co., 12 Ga. App. 429 (77 SE 213); Adair v. Smith, 23 Ga. App. 290 (6) (98 SE 224); Martin v. Thrower, 28 Ga. App. 270 (110 SE 742); Baker v. Strawder, 50 Ga. App. 388 (178 SE 206); Davis v. Holbrook, 75 Ga. App. 417 (43 SE2d 791); Benefield v. Malone, 112 Ga. App. 408 (145 SE2d 732). The 5% commissions added to the rent were a part of the consideration of the lease contract. Therefore when the party assumed the contract by assignment to it of all the rights thereunder, he is liable to pay the rent, including the 5% commission. Having attempted to terminate this lease by making other arrangements to lease the premises and exclude the real estate agent, it is liable for the commissions under the facts of this case.

*Judgment affirmed in part, reversed in part. Bell, C. J., Jordan, P. J., Hall P. J., Pannell and Whitman, JJ., concur. Eberhardt, Deen and Quillian, JJ., dissent.*

DEEN, Judge, dissenting in part. The covenant of the original lessee to pay broker's commissions may be "like rent" but it is a payment to a third party, is not rent, is not a real covenant and does not pass with the lease merely by virtue of assignment. *James Talcott, Inc. v. Roy D. Warren Commercial, Inc.,* 120 Ga. App. 544 (171 SE2d 907). R.B.M. of Atlanta, Inc., assignee of the original tenant, Alpha Enterprises, took the lease assignment without expressly assuming the obligations of Alpha and quite possibly Alpha remains primarily liable for the covenant of payment of broker's commissions. See *Warehouses, Inc. v. Wetherbee,* 203 Ga. 483, 490 (46 SE2d 894). But the assumption of the lease and course of dealing on the part of R.B.M. of Atlanta, Inc., would "ordinarily" render it liable under these facts. *Adair v. Smith,* 23 Ga. App. 290 (98 SE 224). My only disagreement with the majority opinion is that I consider it a question of fact rather than a question of law as to whether R.B.M. of Atlanta, Inc., assumed these obligations by implication, since it did not expressly do so. Compare *National Bondholders Corp. v. Parris,* 190 Ga. 513

(9 SE2d 741) and *Alsobrook v. Taylor,* 181 Ga. 10 (6) (181 SE 182) as to necessity of specific words importing a promise to pay the debt in order to create liability.

As Judge Evans so rightly said in *Arnold v. Bostwick Banking Co.,* 121 Ga. App. 131 (5) (173 SE2d 236): "Where, on consideration of a motion for summary judgment, it appears from the evidence that there remains a genuine issue as to any material fact, the moving party is not entitled to a judgment as a matter of law and the motion should be denied."

I would reverse the judgment.

I am authorized to state that Judges Eberhardt and Quillian join me in this dissent.