W. R. LLOYD, Jr., and Margene West Lloyd, Plaintiffs-Appellees,

v.

Charles H. LAWRENCE, Jr., Defendant-Appellant.

No. 72-2398

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

314

Robert J. King, Jess Hall, Houston, Tex., for defendant-appellant.

Tom Alexander, Donald B. McFall, Houston, Tex., for plaintiffs-appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This is a diversity case under Article 3 of the Uniform Commercial Code as adopted in Texas, V.T.C.A., Bus. & C. Code Ch. 3. The facts in this suit on two series of notes are undisputed. Pursuant to a plan of arrangement defendant executed the two series of notes payable respectively to the order of Mr. and Mrs. Lloyd. The notes recited that defendant waived presentation, demand, notice and protest and agreed that if any one note of the series had not been satisfied within fifteen days after its maturity, the holder could advance the maturity of the remaining notes of the series. Defendant had failed to satisfy certain notes of each series and plain-

tiffs brought this action under the acceleration provisions to collect with interest and attorney's fees the balance due on the series of notes.

Plaintiffs' complaint, with photocopies of both series of notes attached, recited in part as follows:

"2. CAUSES OF ACTION: On May 28, 1968, Defendant, Charles H. Lawrence, Jr., executed and delivered the Promissory Notes of the same series attached to and incorporated in this petition as Exhibit A (payable to Plaintiff, Margene West Lloyd) and Exhibit B (Payable to Plaintiff, W. R. Lloyd, Jr.). By the terms of said Notes, Defendant waived presentation, demand, notice and protest and agreed that if any one of said Notes was not paid within 15 days after maturity, then, at the option of the Plaintiffs, all unmatured Notes of said series will become due and payable. More than 15 days have passed since the three-year Notes payable to each Plaintiff on May 28, 1971, became due and both Plaintiffs exercise their option to declare all subsequent Notes attached, which are of the same series, due and payable. The first three notes in each series, payable to each Plaintiff, due November 28, 1968, May 28, 1969, and May 28, 1970 have been paid but no payment has been made on any of the remaining seven Notes in each series."

Plaintiffs, however, failed to allege that they were the present holders of these admittedly negotiable instruments. Moreover, they did not verify the photocopies or introduce proof of possession of the instruments.

Defendant failed to capitalize on these omissions and answered by entry of a denial. In answer to plaintiffs' request for admission pursuant to Rule 36, F.R. Civ.P., defendant acknowledged the genuineness of his signature on the notes in question and that certain of the notes had not been paid as they became due.

In the face of defendant's answer to the request for admissions, plaintiffs moved for summary judgment pursuant to Rule 56, F.R.C.P. The district court denied the summary judgment when defendant opposed the motion by ambiguously asserting his entitlement to an equitable set-off of the claim.

Discovery continued with the taking of defendant's deposition, whereupon the plaintiffs renewed their motion for summary judgment. Defendant again asserted a vague claim for set-off, but without filing controverting affidavits. The district court, granting the motion, held:

"Plaintiffs then proceeded to take defendant's deposition, in which defendant admitted that he executed the specific notes sued upon and has paid no portion of them. On the strength of this, plaintiffs re-urge their motion for summary judgment. Defendant's only response is a rather ambiguous assertion that some of the money received by him was actually for the use and benefit of plaintiffs. This is an insufficient response."

"Rule 56(e), Fed. R.Civ.P., provides in relevant part:

" 'When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.' "

Substituting counsel on appeal, defendant for the first time contested the propriety of summary judgment on three grounds: (1) Insufficiency of the pleadings pertaining to plaintiffs' entitlement to sue on the notes—i. e., their lack of pleading that the plaintiffs were the present holders of the instruments; (2) the insufficiency of summary proof under Texas law asserted to be applicable to the case; and (3) that the de-

fendant had indeed made a triable issue of fact out of the contention that a set-off was applicable.

■ Defendant's latter two contentions are of little merit. The district court correctly concluded that no genuine issue of fact as to defendant's entitlement to a set-off had been made. Defendant's claims under Texas summary judgment practice are likewise ineffectual as the sufficiency of a complaint or the adequacy of proof for summary judgment under Rules 8 and 56, F.R.C. P., respectively, are determined by recourse to federal law. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). But whether the notice pleadings have stated a cause of action actionable under state law is to be determined under *Erie*.

■ Defendant is correct, however, in noting that review of summary judgment requires our engaging in a two-fold analysis—first, whether the parties have raised a genuine issue of fact requiring trial and, second, whether the prevailing party was entitled to judgment as a matter of law. Rule 56(c) F. R.C.P. so states:

> ". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458 (1962); Moore's Federal Practice, ¶ 56.27(1).

■ Suits to enforce negotiable instruments are among the most suitable classes of cases for summary judgment.

North Denver Bank v. Freeby, 285 F. Supp. 74 (N.D.Tex., 1967), affirmed 394 F.2d 149 (5th Cir., 1968); Moore's Federal Practice ¶ 56.15. Under the UCC as adopted in Texas, the elements of proof necessary to recover on a negotiable instrument are straightforward. 9 Tex.Jur.2d, Rev., Bills and Notes §§ 326–365. All these elements are found in plaintiffs' complaint and the record on summary judgment, except for proof that plaintiffs, as holders of the instruments, were entitled to bring this action. Such proof is essential under §§ 3.301, 3.307(b) and 3.603 of the Code.[1] Its absence is fatal to plaintiffs' claim for summary judgment. Cf. United States v. Mullins, 344 F.2d 128 (4th Cir., 1965). In this respect the case at bar is substantially similar to Talcott v. Allahabad Bank, Inc., 444 F.2d 451 (5th Cir., 1971), where in holding a factual issue on possession had been presented we said:

> "In a suit on negotiable instruments, the burden is initially on the party suing on the instruments to show *first* that he is a *holder* of the instruments sued on. UCC § 3–302; Hawkland, Cases on Commercial Paper and Bank Deposits and Collections 183 (1967). A 'holder' is 'a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank.' UCC § 1–201(20). The most obvious way for a holder to establish that he is a holder of instruments sued on, of course, is to produce the instruments in evidence.[6] In the instant case, however, the Indian Banks *at no time* produced the contested instruments in the court below. Instead, the Banks in their original interpleader answer stated that *copies* of the instru-

ments were attached to and made a part of the attachment proceedings [dis-

---

1. We note that plaintiffs have made no claim that the instruments were lost or stolen. The provisions of § 3.804 are therefore inapplicable. We likewise note that plaintiffs failed to submit the reverse sides of the notes in question. No guarantee has been afforded defendant that the notes have not been negotiated nor has security been posted; no recovery in these circumstances would be possible in the state courts. Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup.1970).

cussed above] filed in the Superior Court of Chatham County, Georgia. CTI's pleadings and affidavits filed in response to the Banks' reference to these copies attached to the pleadings in the Georgia suit are ambiguous at best. Nowhere, for example, did CTI assert that the copies were not verified or true copies of the trade acceptances. In addition, in its pleadings CTI never actually denied that the Banks were in possession of the trade acceptances, and it several times referred to the instruments as 'the trade acceptances or bills of exchange held by the [defendant Banks].'

"Nevertheless, CTI did raise some questions concerning the whereabouts of the instruments and the Banks' control of them. For example, in one affidavit counsel for CTI stated on information and belief that the instruments were 'owned and controlled by New Central, notwithstanding the same are alleged to be held by [defendant Banks].' CTI also raised questions in its interrogatories with respect to the location of the trade acceptances and at one point asserted that the trade acceptances are not genuine. While the issue of the Banks' possession of the instruments perhaps was inartistically delineated by CTI, we think CTI's pleadings, affidavits and interrogatories are sufficient to raise a question whether the Banks actually were in possession of the instruments. We are not, after all, analyzing CTI's papers opposing summary judgment under a discriminating lens; on the contrary, the law requires that the papers of a party opposing summary judgment are to be 'treated indulgently.' Bohn Aluminum & Brass Corp. v. Storm King Corp., 6th Cir. 1962, 303 F.2d 425. The movant's papers, on the other hand, are to be closely scrutinized. Moore's Federal Practice ¶56.15[3]. It is the movant's burden to exclude any real doubt as to the existence of any genuine issue of material fact. National Screen Service Corp. v. Poster Exchange, 5th Cir. 1962, 305 F.2d 647. And it is the movant Banks' failure to carry this burden that convinces us that summary judgment on the issue of possession must be reversed. See Adickes v. S. H. Kress and Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). For in the instant case there is a real doubt in our minds as to the Banks' possession of these instruments, created by the Banks' own failure to produce the instruments in support of their motion for summary judgment. The Banks urge us to rely on the copies affixed to the Georgia attachment proceedings. But nowhere is there proof that these were true copies of the trade acceptances, and even those copies were never produced in the court below. The Banks assert in a supplemental memorandum presented to this Court on request that 'they were (and still are) in actual possession of the trade acceptances.' Thus, they seem to suggest, it would be wasteful to remand this case for a full-fledged determination on this simple issue of possession, when we could determine here and now that they do possess the instruments. But the simple truth is that on the Record we have before us, we are incapable of concluding beyond a doubt that the Banks are 'holders.' That the issue of actual possession is a simple one to prove should not mislead us into underestimating the significance of the issue. In a suit on a negotiable instrument, possession is in a very real sense 'nine-tenths of the law.' Possession establishes a prima facie case of ownership. Leathers v. Turner, 75 Ga.App. 62, 41 S.E.2d 921 (1947). And proof of possession by production of the instrument entitles the holder to recover on it unless the opposing party establishes a defense. U.C.C. § 3–307(2). *Cf.* Pitillo v. Demetry, 112 Ga.App. 643, 145 S.E.2d 792 (1965). On the other hand, if the Banks cannot produce the instruments, they will lose the benefit of the presumption of ownership, and the case might very well be determined on that issue. It is thus essential that summary judgment on the issue of possession be reversed and the case be remanded for a full-fledged determination of that issue."

6. UCC § 3–307(2) provides that

    [w]hen signatures are admitted or established, *production of the instrument*

entitles a holder to recover on it unless the defendant establishes a defense. (Emphasis added).

Cf. Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup., 1970).

■■■■ The defect in pleading the claim and the lack of substantiation cannot be cured by defendant's failure to raise that issue on summary judgment without unjustifiably shifting plaintiffs' burden of establishing their cause of action to defendant.

"A summary judgment is neither method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues. (Adickes v. S. H. Kress & Co. (1969) 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 142.) To obtain a judgment in favor of a claimant pursuant to his complaint, counter-claim, or cross-claim, the moving party must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary in his pleadings, or by stipulation, or otherwise during the course of pretrial. A plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more 'entitled to a judgment' (Rule 56(c) Fed.R.Civ.Proc.) than is a plaintiff who has fully tried his case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof. (See 6 J. Moore, Federal Practice (2d ed. 1966) [hereinafter cited as Moore] ¶56.-22[2], at 2825.) In either situation there is a failure of proof."

United States v. Dibble, 429 F.2d 598 (9th Cir., 1970).

Accordingly, we reverse the judgment of the district court and remand for proceedings consistent herewith.

Reversed and remanded.