**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-30860

OCEANEERING INTERNATIONAL INC

Plaintiff - Appellant

v.

GRI SIMULATIONS INC; STEPHEN G DODD

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:05-CV-00258

Before BARKSDALE, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Oceaneering International, Inc. ("Oceaneering") appeals the district court's entry of summary judgment and award of costs, expenses, and attorney's fees in favor of Defendants-Appellees GRI Simulations, Inc. ("GRI") and Stephen Dodd on all counts. We VACATE the district court's grant of summary judgment and award of costs, expenses, and attorney's fees and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL HISTORY

Oceaneering and GRI develop and market simulators of remotely operated vehicles ("ROVs") used to facilitate underwater hydrocarbon exploration and extraction. Oceaneering is a Delaware corporation with its principal place of business in Houston, Texas. GRI is a Canadian corporation with its principal place of business in Mount Pearl, Newfoundland, Canada. Oceaneering also has operations in Newfoundland. Both companies market and sell their products in the United States and Canada. In the late 1990's, the companies collaborated and shared details about their respective simulators. On August 2, 1999, GRI and Oceaneering executed a "Letter Agreement" in which the parties agreed to share certain confidential information.

The parties eventually went their separate ways. Oceaneering, which is far larger than GRI, hired three of GRI's four employees in 2001 and 2002. GRI saw Oceaneering's new products at a trade show in Houston in May 2003, and believed that Oceaneering had used GRI's former employees to misappropriate GRI's copyrighted material and trade secrets. GRI sent Oceaneering a cease-and-desist letter in September 2003. In February 2004, GRI sued Oceaneering and the former GRI employees in Canadian provincial court. In 2004, Oceaneering filed a declaratory judgment action in Texas district court, but the suit was subsequently dismissed.

On February 10, 2005, Oceaneering filed the instant suit in the Western District of Louisiana. Oceaneering sought declaratory judgment on eight claims. On June 3, 2005, GRI sought dismissal of the action pursuant to Rule 12(b)(2) (lack of personal jurisdiction); Rule 12(b)(7) (failure to join necessary parties); "the first-filed rule, which permits a court to decline jurisdiction when an action involving the same parties and issues has previously been filed in

another court;"[1] or the court's "inherent discretion to refuse to entertain a declaratory judgment action." The court denied the motion without issuing reasons on February 16, 2006.

Following a period of discovery, Oceaneering amended its complaint in July 2006. Ultimately, Oceaneering's Second Amended Complaint sought a declaratory judgment holding that (1) Oceaneering did not breach the Letter Agreement under Texas law; (2) Oceaneering did not misappropriate GRI's trade secrets under Louisiana law; (3) any potential claims by GRI for trade secret misappropriation under Louisiana law were prescribed and were barred by the statute of limitations for such a cause of action; (4) Oceaneering did not infringe any copyright in GRI's VROV Software or computer architecture under United States copyright law; (5) portions of the GRI VROV Software and computer architecture are not protectable under United States copyright law; (6) GRI committed copyright misuse by impermissibly attempting to use copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office, including a limited monopoly over software components and/or a computer architecture not protectable under United States copyright law; (7) any failure by Oceaneering to attribute authorship of VROV Software to GRI at a January 2000 trade show is not unfair competition under § 43 of the Lanham Act, 15 U.S.C. § 1125(a); and (8) potential claims brought by GRI for unfair competition under § 43(a) of the Lanham Act relating to Oceaneering's failure to display a sign attributing authorship of VROV Software to GRI at a January 2000 trade show were barred by the statute of limitations for causes of action asserted under § 43(a) of the Lanham Act. In addition to these claims, Oceannering added two claims of trade secret misappropriation against GRI and

---

[1] Before the proceedings in the instant suit, GRI filed suit against Oceaneering in Canadian court under Canada's copyright laws. The underlying claims of misconduct in the instant suit appear to be similar to those litigated in Canada.

one of its directors, Stephen Dodd. Oceaneering sought injunctive and monetary relief for these claims. Dodd moved to dismiss for lack of personal jurisdiction and failure to state a claim; the court denied the motion without stating reasons on March 15, 2007.

At the close of discovery, Oceaneering moved for summary judgment in part and dismissal of counts four through six due to lack of subject matter jurisdiction. GRI and Dodd moved for summary judgment on all claims. The court held a hearing on August 14, 2008. After hearing argument, the court orally ruled on the motions. The court denied Oceaneering's motions and granted GRI's and Dodd's summary judgment motions and awarded expenses, costs, and attorney's fees on all counts. Other pretrial motions were denied as moot. The court entered final judgment on August 27, 2008. The district court did not provide findings of fact or conclusions of law supporting its judgment. Before the court determined the quantum of costs and attorney's fees, Oceaneering appealed.

## II. ANALYSIS

This court reviews a district court judgment on cross-motions for summary judgment *de novo*. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009) (citation omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). There is a "genuine" issue of material fact "if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *First Colony Life Ins. Co.*, 555 F.3d at 181 (citation omitted). If the record before this court, "taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007) (citation omitted). We review the record and "the facts and the inferences to be

drawn therefrom in the light most favorable to the nonmoving party." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 236 (5th Cir. 2003).

As required by Federal Rule of Civil Procedure 56(c), when we review a motion for summary judgment, this Court engages "in a two-fold analysis – first, whether the parties have raised a genuine issue of material fact requiring trial and, second, whether the prevailing party was entitled to judgment as a matter of law." *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir. 1973). GRI, the moving party, bears the burden of demonstrating an absence of evidence in the record before this Court to support Oceaneering's, the nonmoving party's, case. *See Carson v. Dynegy, Inc.*, 344 F.3d 446, 451 (5th Cir. 2003) (citation omitted); *McNealy v. Emerson Elec. Co.*, 121 F. App'x 29, 32 (5th Cir. 2005). "It is [GRI's] burden to exclude any real doubt as to the existence of any genuine issue of material fact." *Lloyd*, 472 F.2d at 317.

We note that our review of this case is complicated by the fact that the district court provided virtually no rationale for its decision. *See, e.g., LeMaire*, 480 F.3d at 387. "While findings of fact and conclusions of law are not necessary, as our review is *de novo*, we have emphasized in the past that such findings and conclusions are 'often quite helpful for appellate review.'" *Id.* (citation omitted) (emphasis added). "When we have no notion of the basis for a district court's decision . . . there is little opportunity for effective review. In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984) (footnotes omitted). While we choose not to remand for this purpose in the instant case, a detailed analysis from the district court would have been quite beneficial as the parties zealously contest each count, the "arguments of the parties are less than clear," and the parties were unable to agree at oral argument as to which counts are still contested and which should be dismissed from the case. *See LeMaire*, 480 F.3d at 387.

After engaging in a *de novo* review of the record before this Court, we hold that GRI failed on all counts to meet its burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. GRI's principal arguments are that (1) it never "intended" to bring claims against Oceaneering in the United States (counts one, three, five, six, seven, and eight);[2] (2) Oceaneering's suit was a "waste of time and resources for all involved" (counts one, three, seven, and eight); (3) Oceaneering destroyed evidence that is necessary to decide issues in the case (counts two and four); and (4) claims of trade secret misappropriation are pending in the Canadian lawsuit, and that Oceaneering's alleged trade secrets were not in fact trade secrets (counts nine and ten). GRI, however, has failed to demonstrate that it is entitled to judgment as a matter of law.

For example, the record before us demonstrates that GRI failed to establish that it is entitled to judgment as a matter of law based on its assertions that it never intended to bring claims against Oceaneering in the United States and that Oceaneering's suit is a waste of judicial resources. In addition, the record before us demonstrates a genuine issue of material fact as to whether (1) Oceaneering acted with bad faith when it failed to preserve certain portions of software and source code, and (2) the source code is actually necessary to render judgment. *Cf. Lloyd*, 472 F.2d at 317 (stating that "the simple truth is that on the [r]ecord we have before us, we are incapable of concluding beyond a doubt that the Banks are 'holders'"). Finally, the record before us demonstrates a genuine issue of material fact as to whether Oceaneering's alleged trade secrets

---

[2] With respect to counts five and six, GRI's brief states that the district court agreed with GRI's arguments and held that GRI was entitled to copyright protection. This is inconsistent with the arguments GRI made at the hearing before the district court, and the district court's ruling does not allow for such an inference. At the hearing, GRI argued that it was entitled to summary judgment on counts five and six because Oceaneering had no reason to believe GRI was "seeking protection under the copyright laws of the United States," because GRI had "already filed suit in Canada."

were in fact trade secrets. *Id.* Thus, after reading the parties' briefs, hearing oral argument, and reviewing the record before us we hold that the district court erred in granting summary judgment in favor of GRI.

### III. CONCLUSION

For the foregoing reasons, we VACATE the district court's grant of summary judgment in favor of GRI. Because we vacate the district court's grant of summary judgment, we also VACATE the award for costs, expenses and attorney's fees on all counts. Nothing in this opinion, however, should be construed as ruling on the merits of the instant case. We REMAND for further proceedings as the district court deems appropriate. All outstanding motions are denied.